*674 The opinion of the court was delivered by
Horton, C. J.:
This action was brought by the plaintiff to-recover damages from the defendant for personal injuries received by him in having his wagon upset and himself thrown-out at an embankment on one side of Broadway, a street of Leavenworth city. When the evidence was closed on the-part of the plaintiff, a demurrer was interposed thereto by the defendant, which demurrer was sustained by the court: The court held, we should judge from the record, that it appeared from the evidence introduced on the part of the-plaintiff thát he contributed by his own negligence to the injury complained of, and therefore that he could not recover. This ruling is complained of.
We perceive no error therein. The only negligence imputed to the city was the failure to guard, light or protect the sides of the streets so as to prevent persons passing along-from driving or falling over the embankment. The general faots are, that the accident occurred between eight and nine-o’clock on the 8th day of September, 1877. The plaintiff is-about fifty-four years of age; lives outside of the city of' Leavenworth, and follows gardening for a business. He sold his vegetables at the market in the city, midway between Fourth and Fifth streets, on Shawnee street, and had followed this business for a number of years. It was his custom incoming into the city to drive in on Fifth or Seventh street, and to go out on Broadway. He was well acquainted with-the street. The street was smooth and level, and of the width of about seventy feet; it was filled out to nearly its limit on-either side, and raised about four or five feet above the adjacent lots; there were no walls or banisters upon the adjacent lots, nor any railing on the sides of the street; there-were no obstructions or holes in the street, and plaintiff passed over it every day; he wras at the market until between eight and nine o’clock of the day of the injury, and then started for home, driving a one-horse wagon; a neighbor of his,, one Mrs. Murphy, was immediately behind, driving a horse *675 hitched to a wagon; the night was dark, and when he reached Broadway, somewhat rainy; he had a lantern with him, but it was not lighted. As he was driving along, the east front wheel of his wagon suddenly went down on one side a little, and he stopped; Mrs. Murphy, who was behind, asked him when he stopped where he was going; his answer was, “he could not tell, it was so dark.” He then started again, and turned over; the horse stayed still, and only the wagon and driver went over the bank — the wagon on top and the driver under it.
As to some parties, there might be negligence on the part of the city in leaving unprotected the small embankment on either side of the street the plaintiff was driving upon at the time he was upset. But as the plaintiff knew all about the street, his conduct under the circumstances was evidently careless and negligent. Knowing as he did, that there was no railing or other protection to prevent him from driving over the bank, when he found that his wheel was going down, and stopped, he ought at least to have taken more precaution before driving his horse on. He might have got out of his wagon and ascertained as to the part of the street he was in. He did not. With the exercise of ordinary prudence, he might have comprehended the situation when he stopped. He was not ignorant of the bank, and in driving on he acted very negligently — so much so that we concur with the district court in holding, from the whole evidence it appears that he directly contributed by his own negligence to the injuries he received, and that he was not entitled to recover in the case. The evidence was not sufficient to go to the jury.
Counsel refer to the case of Osage City v. Brown, ante, p. 74, as one substantially like the one under consideration. In that case, unlike this one, the injured party had his foot caught in the sidewalk before such a warning of impending danger. The fact that a person attempts to travel on a street or sidewalk after he has notice that it is unsafe or out of repair, is not necessarily negligence. This depends upon a variety of circumstances. But one cannot of course heed *676 lessly or recklessly run into danger. Here the plaintiff’s wagon had already reached the embankment on the side of the street, when the wheel went down, and if he had then taken the ordinary precaution of having examined, he could have prevented his wagon from going over the bank, and thereby in the exercise of ordinary prudence might have prevented the wagon from being upset, and thus saved himself from the severe injuries he received. After he had stopped he could have easily avoided the danger, by changing the direction of his horse. Knowing the embankment on either side of the street, and that there were no defects in the surface of the street, the dropping-down of his wheel must have necessarily suggested the idea to him that he was outside of the traveled road. He paid no attention, and drove on. “ Where there is danger and the peril is known, whoever encounters it voluntarily and unnecessarily cannot be regarded as exercising ordinary prudence, and therefore does so at his own risk.” (Schaefler v. City, 33 Ohio St. 246.)
Before the jurors were sworn, the plaintiff on examination showed that two of the jurors were residents of Leavenworth city, and then attempted to show that they paid taxes upon property owned by them in the city. The court would not permit the facts to be shown, nor permit any of the jurors to answer the questions. This was error, as a resident citizen and tax-payer of a city is incompetent to serve as a juror in an action’wherein the city is sued by a party to recover personal injui’ies caused by the negligence of the city in maintaining a street in an unsafe and dangerous condition. (Gibson v. Wyandotte, 20 Kas. 156.) But this error was wholly immaterial, and is no cause for reversing the judgment. Upon his own statement and the evidence produced by him, plaintiff was not entitled to any judgment, and had no cause of action against defendant.
The j udgment of the district court will be affirmed.
All the Justices concurring.