## MOSES PITMAN VS. THE CITY OF EL RENO.

1. PERSONAL INJURY — *Defective Sidewalk* — The fact that a person walking upon a sidewalk has knowledge that there is a defect therein, and that it is unsafe or out of repair, is not necessarily guilty of negligence; but of course such person could not, needlessly or recklessly, run into danger. ( *Corlett vs. City of Leavenworth.* 27 Kan., 675.)

2. SAME—If a person attempts to pass over a sidewalk, bridge or other structure, knowing the same to be in a dangerous condition, and in such attempt receives an injury, his knowledge of the danger will, presumptively, establish contributory negligence; but such presumption is not conclusive. (N. W. Rep. vol. 27, 575.)

3. SAME—Walking on a defective sidewalk at night, with knowledge that it is defective, is a circumstance tending to show negligence, but is not conclusive proof thereof. ( 90 Ill., 46.)

4. SAME—The fact that a person injured by reason of a defective street could have taken another road is no defense to an action against the town. ( 37 N. E. Rep. 133.)

5. SAME—*Demurrer to Evidence*—In an action against a municipal corporation for personal injuries, if the facts proved are sufficient to sustain a verdict, upon a demurrer filed to the evidence by the defendant, it is the duty of the court to call a jury to assess the damages, or the court may, under the authorities, assess the damages itself. This is the Indiana rule, and actions instituted while the code of that state was in force in this territory, should be governed thereby. ( *Lindley vs. Kelley*, 42 Ind., 294; *Strough vs. Gear*, 48 Ind., 100.)

*Error from the District Court of Canadian County.*

Action for personal injury.    Moses Pitman filed his complaint against the city of El Reno, on·the 15th day

of February, 1893, praying for damages, in the sum of $10,000, resulting from personal injuries received on account of a defective sidewalk in the city of El Reno. Plaintiff introduced his testimony and rested his case. The defendant filed a demurrer; the demurrer was sustained by the court; plaintiff excepted and brings the case to this court on error.     Reversed.

*Forest & Gunn* and *E. E. Jennings* and *W. H. Criley*, for plaintiff in error, submitted the following brief:

The question of contributory negligence should have been submitted to the jury. It is a rule of law that the question of contributory negligence is, peculiarly, a question for the jury. (*Washington & C. Ry. Co. vs. McDade*, 135 U. S. 572; *Village of Jefferson vs. Chapman*, (Ill.) 20 N. E. 33; *Kane vs. Northern Cent. Ry. Co.*, 128 U. S. 91; *Litchenberger vs. Incorporated Town of Meridan*, (Ia.) 58 N. W. 1058; *Berg vs. City of Milwaukee*, (Wis.) 53 N. W. 891; *Kelley vs. Blackstone*, (Mass.) 18 N. E. 217; *City of Columbus vs. Strassner*, (Ind.) 25 N. E. 65; *City of Flora vs. Naney*, (Ill.) 26 N. E. 65; *Johnson, Admr. etc., vs. Mo. Pac. Ry. Co.*, (Neb.) 26 N. W. 347; *City Council of Montgomery vs. Wright*, (Ala.) 47 Am. Rep. 72, Ala. 422; *Petty vs. Hannibal & St. Joe Ry. Co.*, (Mo. 1886) 28 Eng. & Am. R. R. cases, p. 627).

There was no fact or circumstance which justified the court in holding, as a matter of law, that the plaintiff was negligent or contributed, by his own negligence, to the injury received. It can not be said, as a matter of law, because the plaintiff knew of the defect in the walk, and knowing of it, entered within the danger of it, that he is therefore to be charged with contributory negligence. A party has a right to use a public sidewalk, though he has knowledge of a defect upon it, if by the exercise of reasonable caution he might

.reasonably expect to avoid injury. The authorities are all one way upon this question.

See *Town of Poseyville vs. Lewis* (Ind.), 25 N. E., 593; *Gosport vs. Evans* (Ind.), 13 N. E., 256; *Evansville & T. H. R. Co. vs. Ogrist* (Ind.), 19 N. E., 313; *Dilger vs. City of St. Paul*, 14 Fed. Rep., 567; *Hubbard vs. Incorporated Town of Mason City* (Iowa), 20 N. W., 192; *McGinty vs. City of Keokuk* (Iowa), 24 N. W., 506; *McKenzie vs. City of Northfield* (Minn.), 16 N. W., 246; *Lowell vs. Township of Watertown* (Mich.) 25 N. W., 517.

Those cases where it has been held that the court was justified and warranted in taking the question of contributory negligence from the jury, belong to a different class from the one at bar. An examination of the authorities relied upon by the defendant in error will disclose, in nearly, if not all, the cases, that there was great danger in entering upon the defective walk, and the complaining party knew of the danger and could have reached his destination by some other equally feasible route without danger—-elements not appearing in the case at bar.

See *Hesser vs. Grafton* (W. Va.), 11 S. E., 211; *Elliott vs. Witman* (Ind.), 23 N. E., 796; *Parkhill vs. Town of Brighton* (Iowa), 15 N. W, 853; *Hartman vs. City of Muscatine* (Iowa), 3 N. W., 859; *Berg vs. City of Milwaukee* (Wis.), 53 N. W., 891.

In the case at bar, the plaintiff knew of the defect. It may be said that he knew it was dangerous; but it cannot be asserted that he must have regarded it as a place of great danger, and in entering upon the walk must have foreseen that he was likely to meet with injury. He had passed over it in safety, day after day; the whole public were passing over it and no one appeared to shun it; it was only such a place as required a slight degree of caution to avoid injury from it, and it does not appear that plaintiff could

have reached the grocery he was heading for, at the time of the fall, by traveling another sidewalk.

He was not careless; the evidence is that he was watching for the place and thought he would step over it, but darkness concealed its exact position, and he was caught in it. Rather than being guilty of negligence he was using care, such as any person would use under the same circumstances. To hold him guilty of contributory negligence would, in effect, destroy the element of caution in such cases as this, and that well defined phrase, "Such care as a person of ordinary prudence under like circumstances would use," would find little occasion for its application in actions for personal damages. The circumstance that the plaintiff was on the walk, knowing its defect, will not warrant the finding that he was negligent. It could only be considered among all the facts and circumstances arising on the trial in the determination of that question.

In *Lowell vs. Township of Watertown*, (Mich.), 25 N. W. 517, the plaintiff, as in this case, had known of the defect in the highway causing his injury; had it in his mind, and was seeking to avoid it at the very time he was injured by it; the counsel for defendant contended that his knowledge of the defect—the fact that he had it in mind at the time of the injury—"was conclusive evidence of his want of proper care." The court says: "We cannot accede to this view. A person is not necessarily precluded from recovering for an injury, caused by a defect in a highway, simply for the reason that he was aware of such defect; but this fact, with all others, is proper to be taken into consideration by the jury in determining whether, under all these facts and circumstances, he was guilty of such carelessness or negligence, without which he would not have been injured." The foregoing is the rule contended for in this case. To the same effect

and similar in surroundings is the case of *McKenzie vs. City of Northfield*, (Minn.) 16 N. W., 264, and cases cited.

The principle applicable to the case at bar is announced by the supreme court of Maryland in the case of *County Commissioners vs. Burgess*, 61 Md. 29, where it is said: "In this case it does not appear from the proof that the bridge was wholly impassible. It was unsafe and had a hole in it, into which appellee's horse fell and was injured. The simple fact of its existence, with the knowledge of the plaintiff, was not sufficient to bar recovery. It should appear that the hole rendered the bridge practically impassible, to effect a bar because of knowledge. The hole might possibly have been avoided with ordinary care in driving * * * and naturally would have induced care on his part."

See *Reed vs. Inhabitants of Northfield*, 13 Pick., 94; *Hatton vs. Inhabitants of Ipswich*, 12 Cush. 492.

If the plaintiff's evidence merely tends to show negligence on his part, it is for the jury to say whether it existed. (*Hoyt vs. City of Hudson*, 41 Wis., 105; 22 Am. Rep., 714.)

The doctrine extracted from all these cases is this: If the defect in a highway be such as to make the same practically impassible, one entering upon it does so at his own hazard, if he has knowledge of such condition, and in such cases the court may take the case from the jury. But if the case be one which does not render the highway wholly unfit for use, and is only one which might result injuriously if not shunned, the traveler may venture upon it, and if injured by reason of the defect, the question of his negligence is always one for the jury.

See *Tisdale's* case, 8 Metc., 394; *Farnham vs. Town of*

*Concord*, 2 N. H., 394; *Falsom vs. Town of Underhill*, 36 Vt. 58.

Upon demurrer to evidence the court cannot weigh the testimony, nor sustain the demurrer because there are conflictions or inconcistencies in the evidence; if there is any evidence at all upon which a verdict might rest it is the duty of the court to overrule the demurrer and submit the evidence to the jury.

See *Milburn vs. Phillips*, (Ind.) 34 N. E. 383, and authorities cited, where the rule prevailing in Indiana is clearly set forth. ( *Wolf vs. Washer*, 32 Kan., 533; *Bequillard vs. Bartlett*, 19 Kan., 382; *Brown, Admr., vs. A., T. & S. F. R. R. Co.*, 31 Kan., 1.)

Although the court might, sitting as a jury, be sustained and be right in its findings upon the evidence, it cannot weigh evidence on demurrer. (*Horn vs. Hewger Salt Co.*, (Kan.) 35 Pac. 200.)

The evidence discloses that the plaintiff was careful when he approached the defect in the walk. On demurrer, the court must take the testimony as true, and cannot say, because it may appear inconsistent with other circumstances, that it is not true. To sustain the order upholding the demurrer would be in direct conflict with the unbroken rule laid down in the authorities cited.

The court, to sustain the demurrer, must have disregarded the testimony of plaintiff where he says he "was watching" for the defect at the time he was injured. To be watching for it would be all he could do to avoid it. It was manifest error for the court to assume the functions of a jury and disregard this evidence, and that, too, in the face of nothing conflicting with or contradictory of it.

The demurrer admits that the city was negligent in permitting the sidewalk to remain in a defective and dangerous condition; that the plaintiff, while using the

walk in a lawful manner, was injured by reason of the defect; that at the time of the injury complained of plaintiff was exercising care to avoid injury. These facts entitle plaintiff to the right of recovery. The court should have overruled the demurrer and given judgment for the plaintiff. The order discharging the jury and sustaining the demurrer should be reversed, with directions that judgment be entered below for plaintiff for such damages as the evidence will warrant, with costs, in accordance with the practice prevailing and controlling in this case.

Counsel for defendant in error says in his brief that, "negligence is a mixed question of law and fact. When the facts are admitted it is then a question of law for the court."

This rule is properly stated as an abstract proposition of law. But we submit it is not applicable to the case at bar.

It cannot apply to a state of facts, although admitted, which might lead to different conclusions when fairly considered in the minds of ordinary men. It is only when the state of facts could lead to but one possible conclusion that this rule applies.

Our contention is that in the case at bar it was the duty of the court, on the demurrer to the evidence, to overrule the demurrer, because different minds might reasonably arrive at different conclusions on the question as to whether or not it was negligence for the plaintiff to have gone upon the street as he did, and as to whether or not he was using ordinary care at the time he was injured, and, if so, then upon demurrer, as shown by all the authorities, the court should have overruled the demurrer.

Under all the authorities the plaintiff had a right to use the street, if by the exercise of reasonable caution he could reasonably expect to avoid injury in passing

over it. The court could not, therefore, say that it was negligence to go upon the street as plaintiff did.

If, then there was evidence to sustain a finding that plaintiff was using care at the time of the injury, if such finding could have been made by a jury, then, under all the authorities defining the duty of a court on demurrer to evidence, it was error in the court to sustain the demurrer.

Counsel himself has been mislead by the distinction he makes between the power of the court to direct a verdict, or to take the case from the jury, and the duty of the court on demurrer to the evidence.

It is only where the abstract proposition of law herein quoted from counsel's brief applies that the court may properly exercise the power of directing a verdict. It can never do so when there is a conflict of evidence, or where different minds might reasonably arrive at different conclusions from the evidence.

In the case at bar the court could not submit the evidence to the jury because the defendant elected to demur to the same, and stand upon the rulings of the court on the demurrer, according to the practice then in vogue. At the same time he elected to accept the law which should govern the court in passing upon that demurrer, and the rule governing in that respect is laid down in the authorities we have already cited. (Indiana: *Milburn vs. Phillips*, 34 N. E. 983; Kansas: *Wolf vs. Washer*, 32 Kan. 533. And other authorities cited.)

We do not regard the cross petition in error as properly before the court.

No objection was made to the complaint below, and, therefore, no opportunity given to the plaintiff to perfect it, if it is defective.

The universal rule which prevails in appellate courts of last resort, that matters not raised and

passed upon at *nisi prius* will not be considered by such courts, is too familiar to require more that suggestion, and we have no doubt will be applied here.

We might further remark that the question of contributory negligence was raised and properly placed in issue by the plea of defendant in its answer, where it is alleged as defensive matter.

*D. W. Talbot, John I. Dille* and *John Schmook, Jr.* for defendants in error, submitted the following brief:

The question presented by the petition in error is: Did the trial court err in sustaining defendant's demurrer to the evidence?

It is contended by the plaintiff in error that the question of contributory negligence is a question for the jury and that it was error to take the case from the jury for that reason.

Negligence in a mixed question of law and fact. When the evidence is conflicting the questions of fact are for the jury, but when the facts are admitted, then it is a question of law for the courts. (99 Ind., p. 14, *City of Indianapolis vs. Cook;* 98 Ind., p. 190).

The demurrer to the evidence admits every fact proven and every reasonable inference that can be drawn therefrom.    81 Ind., p. 300.

It necessarily follows that then the question remains one of law to be decided by the court.    It was impossible for the court to commit an error in withdrawing the case from the jury, for the reason that it was a common law demurrer under the Indiana practice adopted by this territory.    On filing the demurrer it was obligatory upon the court to discharge the jury. There was no discretion in the matter.    In this respect it is wholly unlike our practice under the present code. Your attention is especially invited to the fact that in the cases cited by counsel and in all the cases in the

books where it is held the court should have submitted the questions to the jury, that they are cases where the court voluntarily took the cases from the jury by an instruction to return a verdict for the defendant, or where the court sustained a motion to dismiss, but that rule and those decisions have no application to a common law demurrer to the evidence where no discretion is left for the court to exercise.

It is next contended by plaintiff in error that the evidence fails to show contributory negligence.

The cases in the books that would seem to support that contention are, almost without an exception, of the kind above mentioned, where the question was, whether, on the questions of fact involved, the court erred in taking the case from the jury. What a court says in a case must be interpreted with reference to the immediate question involved and passed upon by the court, and when a court decides that the trial court should have submitted certain questions of fact to a jury, such decision cannot be held to be the opinion of the court on the law, were the facts and all reasonable inferences therefrom admitted. By keeping in mind this distinction, the court will be able to see the inapplicability of such decisions to this case.

In a case of this kind, it is of the utmost importance to distinguish the cases that appear analogous, but which by careful examination will be found to rest on principles not involved in the case at bar. To illustrate, counsel contend the rule to be that if the highway is not practically impassible the traveler is not bound to forego travel, but may proceed on his journey by the use of ordinary care. By an examination of these cases it will be found that that rule is applied to cases where part of the highway is obstructed, but there is part of it free from obstruction and from danger. Some of these distinctions are pointed out by the court in *Wright vs.*

*City of St. Cloud*, 55 N. W. Rep., 820, in which it is said :

"We have held, in common with every other court, that the mere fact that a person attempts to travel a highway, after notice that it is out of repair, is not necessarily negligence; that this depends upon circumstances. (Cases cited.)

"But none of these cases were altogether analogous, in their facts, to the present one. In all of them it will be found either that the traveler had no other practicable road, and had either to pass over the defective highway or abandon his journey, or that although aware that the road or walk was out of repair, he had no knowledge of the existence of the particular defect which caused the injury, or that the traveler, although having a previous knowledge of the situation, had not presently in mind the existence of the defect or the consequent risk.

"But, in the present case, while plaintiff might not have known of the existence or location of any particular hollow or hole in this path, it is very clear from her own testimony that she had full present knowledge of the precise condition of this part of the sidewalk, and of the risk incident to traveling over it. The only risk was that of slipping and falling, and that was perfectly patent to anyone of ordinary intelligence. She simply overestimated her own ability to travel across it without falling. * * * If the plaintiff had exercised half so much care for her own safety as she exacts from the city for the safety of travelers, the accident would never have happened."

The facts are, as alleged in the complaint and testified to by plaintiff, as follows:

"That the defendant, at about the time of the accident, became a city of the first class, and presumably had a population of twenty-five hundred people; that the sidewalk was in a dangerous condition and had remained in that condition for over six months; that plaintiff first saw the defect six months before the accident; that he, at that time, said to his companion, 'Look at that! Look there! A man is liable to step over there and kill himself. And Doc says, "Yes,

that is a pretty bad place,. but this is a new town," and we walked on back, and finally got back, without getting hurt;' that he saw the defect almost every day from the time he first saw it until he was hurt; that he was seventy-four years old; that his eyesight was dim; that it was dark at the time of the accident; that the defect extends across the entire walk, and that plaintiff had the defect presently in mind at the time of the accident."

Under these circumstances the plaintiff cannot recover.

See *City of Indianapolis vs. Cook*, 99 Ind, 10; *Wright vs. City of St. Cloud*, 55 Northwestern, 819; *Parkhill vs. Town of Brighton*, 15 Northwestern, 853; *Burough of Sandy Lake vs. Foraker*, 18 Atlantic, 609; *Hartman vs. City of Muscatine*, 30 Northwestern, 859; *Schafler vs. City of Sandusky*, 33 Ohio St., 246; *City of Erie vs Magill*, 47 Am. Rep.; 739; *Lynch vs. City of Erie*, 25 Atlantic, 43; *City of Roanoke vs. Harrison*, 19 Southeastern, 179; *Town of Gosport vs. Evans*, 112 Ind., 133; *Berg vs. City of Milwaukee*, 53 Northwestern, 890; *City of Quincy vs. Baker*, 25 Am. Rep., 278.

Care commensurate with the known danger required the plaintiff to carry a lantarn, to walk around the dangerous place into the street, to go on the opposite sidewalk or to have gone some other street. Failing to use any of these precautions he assumed the risk. It was dark, and he knew it would be dark at that point before he left home. It would have been an easy thing for him to have carried a lantern. Ordinary caution would have induced a man of his age and dim eyesight to carry a light of a night at all times. Counsel will say that the streets were not made for pedestrians; that is true, but they must use the street to avoid known danger in the sidewalks. (15 Northwestern 853, *Parkhill vs. Town of Brighton*; 18 Atlantic 609, *Borough of Sandy Lake vs. Foraker*; 30 Northwestern 859, *Hartman vs. City of Muscatine*.)

It will be said, also, that there is no proof that the street was in good condition; that there was a sidewalk on the other side of the street, or that it was in safe condition, or that there were other streets in the city. The presumption is that a municipal corporation has done its duty. It is its duty to maintain the necessary sidewalks and streets and to keep them in safe condition. The presumption is that the street was in good condition, and safe, and that such was the condition of the sidewalk on the opposite side of the street. It was incumbent on plaintiff to overcome this presumption of law that attends all persons and corporations, that they have complied with the law and performed their duty. (57 Ind. 87, *J. & F. F. Co. vs. Baldwin.*

### CROSS PETITION IN ERROR.

Should the court disagree with us on the above propositions and conclude that defendant's demurrer should not have been sustained, defendant asks that the cause be reversed at the plaintiff's cost on the cross petition in error. The complaint does not state facts sufficient to constitute a cause of action. It is not alleged in, nor does it appear by the complaint that plaintiff was without fault. In the absence of such an allegation the complaint is not sufficient and will not sustain a judgment for plaintiff.

See Bliss Code Pleading § 211 (a);*Ft. Wayne & C. R. R. vs. Geuble*, 31 Northeastern 460; *Cin. & C. R. R. vs. Stanley*, 30 Northeastern 1103; *State & Co. vs. R. R.*, 26 Atlantic 865; *Brannen vs. R. R.*, 7 Am. St. Rep. 411.

*Error From the District Court of Canadian County.*

*Forest & Gunn* and *E. E. Jennings* and *W. H. Criley.* plaintiff in error.

*John I. Dille* and *John Schmook, jr.,* for defendant in error.

The opinion of the court was delivered by

SCOTT, J.: This is an action for damages for personal injuries, alleged to have resulted from a defective sidewalk in the city of El Reno, on the 12th day of September, 1893. Judgment for $10,000 is prayed for. The case was tried in the district court of Canadian county, on the 14th day of December, 1893. The jury was empaneled on the 14th day of December, 1893, and the plaintiff introduced all his testimony and rested. Thereupon, the defendant filed a demurrer to the evidence, which was sustained by the court. The case comes to this court on error. The only question necessary to consider is whether the court erred in sustaining the demurrer, discharging the jury, and rendering judgment for the defendant.

It appears from the testimony that the defendant in error is, and was, a city, duly incorporated at the time the injury occurred; that Bickford avenue was, at the said time, the principal thoroughfare of said city, in daily use by the public; that on the west side of said avenue, between the streets of Woodford and Russell, at, and before the time of the injury, there was kept and maintained a sidewalk; that in the month of September, 1892, and for a long time prior thereto, there existed in said sidewalk a defect, of which the defendant in error had due notice; that said defect consisted of an off-set in said walk, of about eight (8) inches, and between the high and low walk, there was a space of six or eight inches, not covered by plank or board, which space extended across the entire width of said walk; that on the 12th day of September, 1892, after dark, the plaintiff in error was passing along said street upon said sidewalk, and, while so passing, stepped into the said open space and fell in such a manner as to badly bruise the muscles of the posterior portion of one of his legs, from which injury he suffered much pain and was compelled to

remain in doors for a period of about six weeks; that at the time of the injury, he had full knowledge of the existence of said defect, and of its danger and the exact location; that the time of the injury was after night; that his vision was dim and impaired; that the defect was in a dark place in the street where no light shown from the adjoining building; that at the time of the accident the plaintiff in error was looking for and seeking to avoid said defect; that he had been for a long time passing along said sidewalk every day attending to his business—that of a hotel keeper.

The case, we think, turns on one proposition. Was there sufficient evidence to sustain the judgment for plaintiff in error, or had a verdict in any amount, not excessive, been returned by the jury, could the court allow it to stand? If the evidence were insufficient to sustain a verdict in case one should have been rendered, then it follows that the court was correct in sustaining the demurrer. If, however, the testimony was sufficient, taking all as true, and drawing reasonable inferences therefrom, and excluding conflicting testimony, then it follows that the court erred in sustaining said demurrer and the case should be reversed.

Did the plaintiff have the right to pass along said street and walk, knowing, as he did, of the existence and location of the defect? The principal case relied upon, by defendant in error, is *Wright vs. City of White Cloud*, 55 N. W. Rep. 820, in which it is held that since the injured person had a present knowledge of the defect, the corporation was not liable for the injury. We doubt the correctness of this doctrine, as applied to the case at bar, and when the opinion is read, we hardly think the view, as a legal proposition, is maintained.

In the case cited, the defendant was a small town, in the northern country, and the action was for injury in falling on a path over a portion of sidewalk, which

had not been properly cleared of snow and ice. The plaintiff knew in that case, that the place was danger- ous and was herself to blame for exposing herself in that manner. The court, in the opinion, seemed to circumscribe itself, for fear of imposing too great a a burden upon small towns, in that climate, in keeping the walk clear in remote parts of the town, and thus held that the person injured was guilty of negligence, *per se.* In the text of the opinion, we find the follow- ing language:

"The general, if not the universal, doctrine is, that the duty of a city to exercise reasonable care to keep its sidewalks in safe condition, for travel, is not lim- ited to structural defects, but extends also to danger- ous accumulations of snow and ice. This is implied, if not decided, in *Henkes vs. City of Minneapolis*, 42 Minn. 530; 44 N. W. Rep. 1026. In this climate, and in this new state, the duties of cities with respect to ice and snow, must necessarily be somewhat limited, and care should be taken that they be not held to a degree of diligence beyond what is reasonable, in view of their situation. What reasonable care might require, in a milder climate, or in an older country, where cities are more compactly built, might put too high a stand- ard in this climate for new cities, often embracing within their limits much territory that is more rural than urban."

The other cases cited by defendants in error are decided upon the same theory. In the case of the *City of Centralia vs. Krouse*, 64 Ill. 19, the court used the following language:

"Having undertaken to go where he knew it was positively dangerous, it must be held that he did so at his own peril. It was in daylight, and he could see that the walk was full of dangerous holes and was all covered with snow and ice, and it was culpable negli- gence in him to undertake to pass over it. It was probably dangerous for anyone and it was highly imprudent in one so far advanced in life to undertake to pass over the walk in its then condition, and cov- ered, as it was, with snow and ice."

Another case, seeming to sustain the theory of the defendant in error, is that of *Durkin vs. Troy*, 61 Barb. 437, where it is held:

"Now, the foundation of the plaintiff's cause of action, if he had one, is that this piece of ice was a dangerous obstruction to the passage of those using the sidewalk for that purpose, which the city was bound to remove, and the danger consisted in the liability of those who stepped upon it to slip and fall. The obstruction was, therefore, one to be avoided by those using the sidewalk, and seeing, or being able to see, the ice; and if it could readily be avoided, the failure to avoid it, by one using the sidewalk, and plainly seeing the obstruction, must be accounted negligence."

In these cases, it seems to be the theory of the court that sidewalks covered with snow and ice are actually dangerous, and, in this, they are probably correct. There is a difference, however, between a defective place, which may result in injury, and one which is so dangerous that passing over it is nearly certain to result in injury. If the action of the plaintiff in error would, in the usual course of events, have resulted in injury, the court very properly sustained the demurrer. Contributory negligence is nothing more nor less than negligence on the part of the person injured, and the rules of law applicable to negligence of a defendant are applicable thereto. (Beach Contrib. Neg. 161.)

The fact that a person attempts to travel on a street or sidewalk after he has had notice that it is unsafe, or out of repair, is not necessarily negligence ; but, of course, one cannot needlessly or recklessly run into danger. (*Corbett vs. City of Leavenworth*, 27 Kan., 675.)

If a person attempts to pass over a sidewalk, bridge or other structure, knowing the same to be in a dangerous condition, and in such attempt, receives injury, his knowledge of the danger will, presumptively, estab-

lish contributory negligence; but such presumption is not conclusive. (N. W. Rep. vol. 37, p. 575).

In the case at bar, the walk was a public thoroughfare, used by the entire public, daily, and we think the public was not bound, because of a mere defect in the walk to go around the block to avoid it, or even go on the other side of the street. We think all that is necessary in such a case is for the person passing such place to use ordinary care and caution to avoid being injured. In other words, we cannot think that the action of the plaintiff in error in passing along the same street used by other people continuously, and one which he was accustomed to use daily himself, without injury, was negligence *per se*; and when he simply used the same walk others did, it is a question, to be found from the evidence, if his injuries resulted from his own negligent acts, at the time of its occurrence. In the case of *City Council of Montgomery vs. Wright*, 47 Am. Rep. 423, we find the following language, which seems directly in point :

"It would seem legal truism to say, that it could not be deemed a want of ordinary care for the plaintiff to do what all other persons, similarly circumstanced, were in the constant habit of doing, without accident or injury to themselves, so far as is disclosed, which is set out in the bill of exceptions. There was ample room for the plaintiff to have safely passed between the fence and the washout, and his familiarity with the existence of the defect may have been an argument, in his own mind, inducing him to believe that he could pass it in safety. The possession of a walking-cane, with which he seemed to have felt his way along, when approaching the defective place, was a circumstance also favorable to the prospect of his safety. The plaintiff could not, we repeat, have been guilty of a want of ordinary care, *prima facie*, in selecting a route which was ordinarily traveled with safety by all pedestrians, going in the same direction. If he was guilty of contributory negligence at all, it was not in selecting the route, but in the want of care

exercised in the act of walking after he had made the selection."

In the case at bar, the evidence shows, that at the time of the injury, the plaintiff in error was not only using ordinary care, but he was carefully seeking to find the defect.

In the case of *Moullby vs. City of Leavenworth*, 28 Kan., p. 747, Judge Brewer, speaking for the court, announces what we take to be the correct rule:

"And upon this, we remark in the first place, that the mere fact that the plaintiff knew the sidewalk was defective, did not prevent him from using it. The logic of a converse proposition would be this : that if all the sidewalks in the city are defective, and all the citizens are aware of it, no one could use a sidewalk, except at his own peril. The city would then absolve itself from all liability by making known its omission of duty. This is not the law. A city must discharge its duty of making its streets and sidewalks reasonably safe for public travel; and it does not necessarily release itself from liabilities to a traveller injured thereon, by mere proof that such traveler knew the condition of the street or sidewalk. As we said in the case of *Corbett vs. City of Leavenworth*, 27 Kan., 673, 'the fact that a person attempts to travel on a street or sidewalk, after he has noticed that it is unsafe, or out of repair, it is not necessarily negligence.' Now, in this case, the plaintiff was intent on business. While he knew the condition of the sidewalks, he was cautious in his actions. Ordinarily, a party is not obliged to forsake the sidewalk and travel in the street, for while thereby he would avoid one kind of risk, he would expose himself to another, towit: that of injury from passing vehicles. Besides that, the condition of a street, on a rainy night, is not such as to invite the steps of one traveling on foot. Neither is a party, although he is aware of the condition of the sidewalks, necessarily obliged to go around the block or travel by another street."

In the case, *Village of Clayton vs. Brooks*, Sup. Court of Ill., N. E. Rep., 574, this queston is fully discussed and nearly the entire field of authority thereon is

reviewed.    The proposition would seem to be forever put at rest in this country on this authority.    The court, in this case, says :

"Walking on· a defective sidewalk at night, with knowledge that it is defective, is a circumstance tending ·to show negligence, but is not conclusive proof thereof."    (90 Ill. 46 followed.)

Another strong case recently decided is the *Town of Fowler vs. Linquist*, 37 N. E. Rep., 133, Sup. Court of Ind., Howard, C. J., delivering the opinion.

In the opinion in *The Village of Clayton vs. Brooks*, we find this language:

"The mere fact that a traveler is familiar with the road, and knows the existence of a defect therein, will not impose upon him the duty to use more than ordinary care in avoiding it.    *   *   *    Such knowledge is a circumstance, and, perhaps, a strong one; but it should be submitted, with the other facts of the case, to a jury, for them to determine whether, with such knowledge, the plaintiff exercised ordinary care in proceeding on a way known to be dangerous, or, in proceeding, used ordinary care to avoid injury.    *   *   *    But the mere fact that the obstructed street was out of the way of the point at which the traveler was aiming, or that he might have taken a nearer way, is immaterial, as it is the duty of the town to repair all the streets.    (Shear & R. Neg. § 376.    See, also, *Erie City vs. Schwingle*, 22 Pa. St. 384; *Whittaker vs. West Boylston*, 97 Mass., 273; Morrill, City Neg., 139).    Nor does the mere fact that the plaintiff might have taken better and safer sidewalks than the one he did take, charge him with want of ordinary care.    (*City of Aurora vs. Hillman*, 90 Ill., 61)."

The fact that a person injured by reason of a defective street could have taken another road, is no defense to an action against the town.    (37 N. E. Rep., 133.)

In *Osage City vs. Brown*, 27 Kan., 74, an action against the city of Osage City to recover damages resulting from a defective sidewalk, the plaintiff recovered $550, and the city of Osage City took the case to the

supreme court, and alleged among other errors, that the plaintiff was guilty of contributory negligence and therefore not entitled to judgment. It was alleged that, just prior to the injury, plaintiff was engaged in the business of teaming in said city; was near seventy years old; had occasionally traveled on foot over the defective sidewalk when going to the Masonic lodge, or when out trading.

On the night of the injury, he was on his way to the lodge; the night was cloudy, and consequently dark; was a little late, and walked somewhat briskly. His foot caught in the rise of off-set which was not covered, and held him so that he fell. The court then says: "From these facts, such negligence is not perceived on the part of the injured person as to prevent a recovery." The trial court instructed the jury, "That every person passing over the sidewalk of a city, is required to exercise such care and diligence in doing so, as men of ordinary care and diligence would use, under similar circumstances." In determining whether plaintiff used such care at the time he received the injury complained of, it would be proper to consider his knowledge of its condition; the time, the light or darkness at the time and place the injuries were received, and his manner of traveling and any other facts appearing from the evidence that would tend to show such care, or want of it;" and further charged them that if they found from the evidence that the plaintiff materially contributed to such injury, by such negligence, they would find for the defendant. The court says, this instruction given by the trial court was the true declaration of the law.

Upon the facts in proof in the case at bar, the court below unquestionably erred in finding from the evidence, as a matter of law, that the plaintiff in error could not recover, and in rendering judgment for the defendant.

The demurrer should have been overruled and the jury called to assess the damages under an instruction from the court that, upon the facts proved, the plaintiff in error was entitled to recover; or, under the authority, the court itself could have assessed the damages. (*Lindley vs. Kelley*, 42 Ind., 294; *Strough vs. Gear*, 48 Ind., 100.) This is the Indiana rule and as the code of that state was in force in this territory at the date the action was instituted, it is applicable and should be observed in this case.

The cause will be remanded to the court below with instructions to assess the damages in accordance with this decision.

By the Court:   It is so ordered.

Justice Burford, who tried the case below, not sitting; all the other Justices concurring.