### THE CITY OF OKLAHOMA CITY v. JOHN T. WELSH.

1. DEMURRER. It is not error for the trial court to overrule a demurrer to the evidence filed in a case tried under the code of 1890, where such demurrer does not tender all of the evidence in the case.

2. NOTICE. It is not error in the trial court to instruct the jury that no actual notice of the dangerous condition of a street was necessary to be brought home to the officers of the city, where such city, by contract, had allowed ditches and excavations, dangerous to the traveling public, to be made in its streets, and left unguarded by barriers or danger signals.

3. NEGLIGENCE — *Danger Signal.* Where a traveler on horseback, passing along a street, falls into an open ditch, negligently left in such condition by the city, and sees a light, which he presumes to be a danger signal, at a distance of from twenty to forty feet, *held*, that the question of contributory negligence was a question of fact to be submitted to the jury.

4. EXCESSIVE VERDICT. Where a person is injured by falling into an excavation, negligently left in such condition by a city, and when it is shown by the evidence that, prior to the injury, he was an able-bodied man, and since such injury he has been unable to perform much labor, this court will not reverse the court below, because such court refused to set aside the verdict as excessive, where the judgment was in the sum of $1,350.

5. Presenting Claim to City Council. Where a party having sustained a personal injury, for which he claims that a city is liable, presents his bill therefor to the city council for allowance, which is by such counsel disallowed, he may thereafter sue for and recover all the damages sustained, though such damages exceeded the amount claimed in the bill, and on such judgment recover costs. ( *City of Wyandotte v. White,* 13 Kan. 191.)

*Error from the District Court of Oklahoma County.*

Action for damages by John T. Welsh against the city of Oklahoma City for injuries received in falling into an excavation in one of the streets of the city, temporarily made, to receive gas mains. Judgment in the court below for Welsh in the sum of $1,350. The city brings up the case. The opinion states the facts.

*R. G. Hays* and *W. R. Taylor,* for plaintiff in error.

*J. W. Johnson* and *Selwyn Douglas,* for defendant in error.

The opinion of the court was delivered by

DALE, C, J.: September 9, 1892, John T. Welsh filed in the district court of Oklahoma county, a complaint against the city of Oklahoma City, alleging, in substance, that he had been injured by falling into an open ditch, which the city negligently allowed to remain in such condition; and by reason of injuries so received he asked damages in the sum of $1,500. To this complaint the city answered by alleging, in substance, contributory negligence on the part of Welsh. The case was tried to a jury and a verdict returned for the plaintiff in the sum of $1,350. To reverse the case the city appeals, and assigns numerous errors which may be grouped as follows:

1. Error in admitting and excluding testimony.

2. In overruling the demurrer of defendant below to the evidence introduced on behalf of plaintiff below.

3. In giving certain instructions and in refusing those offered by defendant below.

4. In overruling the motion of defendant below for a new trial.

I. Taking up the assignments of error as they are numbered above, we find that counsel, in their brief, have not, in any manner, pointed out the evidence they claim it was error for the court to have admitted or rejected. We have read the entire record and fail to notice any material error in the rulings of the court relative to the admission or exclusion of evidence, and therefore dismiss the assignment referred to.

The second question raised is the ruling of the court upon the demurrer. The demurrer filed is as follows:

"Now comes said defendant and demurs to the evidence introduced by the plaintiff in the above entitled action, and for reason therefor says, that such evidence does not prove a cause of action in favor of plaintiff and against this defendant."

This case was commenced, and, therefore, tried under the Code of 1890, adopted from Indiana. The supreme court of that state, under this Code, recognized only the common law demurrer, where the same was interposed to the evidence, and required a party offering it to set out the evidence fully in his demurrer. (*Griggs v. Seeley*, 8 Ind. 264; *Lindley v. Kelley*, 42 Ind. 294; *Strough v. Gear*, 48 Ind. 100.)

The demurrer filed in this case, not complying with this requirement, was properly overruled.

II. The next contention is raised upon the instructions given and refused by the trial court. It appears from the record in this case that the excavation which plaintiff fell into was in the nature of a ditch, or trench, dug by parties who had a franchise, under an ordinance of the city, granting to them the privilege of laying gas mains along the streets of the city, and

giving to such parties, under their franchise, the right to excavate the streets for such purpose. It was contended by appellants, at the trial below, that no liability could attach to the city for the injury received by Welsh, provided the excavation complained of was not known to be open by any of the city officials at the time of plaintiff's alleged injury, and had not been kept open for a sufficient length of time before said injury that the city officials ought to have known of it by the exercise of reasonable diligence. The court refused to give such instruction, and directed the jury that, if they found from the evidence that the city authorized the contractors to make the excavations, and such contractors failed and neglected to properly guard the ditches and excavations by barriers, or suitable danger signals, the city was liable in the absence of contributory negligence by Welch. The court below was correct in its statement of the law. No actual notice to the city was necessary in order to make it liable. The city had, by ordinance, permitted the excavations to be made, and was bound to know that such work would be dangerous to travelers upon its streets. It was, therefore, incumbent upon it to see to it that all proper safeguards were thrown about the work, and if it failed so to do, it was guilty of negligence. (*Brooks. v. Somerville*, 106 Mass. 271; *City of Salina v. Trosper*, 27 Kan. 544.)

III. We now come to the assignment of error wherein complaint is made to the action of the court in overruling the motion for a new trial. All of the errors set forth in the motion for a new trial have been considered except the second and third grounds, which are as follows:

"That said verdict is contrary to the evidence given in the trial of said cause" and "excessive damages which appear to have been given under the influence of passion or prejudice."

We have carefully examined the entire record, and find that there is a conflict of evidence upon most of the questions involved. Counsel for appellant set forth some questions asked the plaintiff below, together with his answers thereto, and insist that it is shown by such plaintiff's testimony that he was guilty of contributory negligence, as a matter of law, and that he cannot therefore recover. The questions and answers referred to are as follows:

" Ques. You were speaking about lights. There was one near the sidewalk somewhere right at the corner, setting at Mr. Turley's? Ans. He had a kind of a porch right at the end; I believe it was setting right by the corner, or hanging there, I saw that.

"Q. You understood that was a danger signal? A. Yes, sir.

"Q. Didn't stop to see where the danger was, or anything about it? A. No, sir, because the light was over twenty or thirty feet out by the sidewalk, right by the corner of the building.

" Q. You didn't stop to investigate what that was, whether it was dangerous or not, but just kept trotting right along? A. Yes sir."

The above evidence is claimed by appellants to be, under the law, such contributory negligence upon the part of Welsh as precludes his recovery. As we gather from the record, the ditch into which Welsh fell was being excavated east and west along First street, and running parallel with and about twenty feet south of the north line of said First street, and that such excavation continued to nearly the center of Broadway street, Broadway street being about one hundred feet in width, and intersecting with First street at the place where the accident occurred. Welsh fell into the ditch a short distance east of the center of Broadway, and, as we think the evidence shows, about fifty feet from the corner of the porch on the Turley building, where he says he saw the light.

True, Welsh testifies that he understood that it was a danger signal, and that he did not stop to see where the danger was, or anything about it, because, as he states, the light was over twenty or thirty feet away, out by the sidewalk, right by the corner of the building. Notwithstanding his testimony we incline to the belief that the record fairly shows that he was much further from the light than he presumed he was; that, in fact he was fully forty feet away. There is contradictory evidence in the record as to whether there were any lights at or near the place where this accident occurred, other than that seen by Welsh. We think there were no other lights at that point. In passing it might be well to state that the record also shows that Welsh knew of the fact that they were digging ditches in that city at that particular time for gas mains, and was also acquainted with the fact that they had been working on the ditches in the vicinity of where the accident occurred. It does not appear that at the time the accident occurred Welsh had in mind the fact that there was a ditch in that immediate vicinity. We are asked to say in view of these facts that Welsh was guilty of contributory negligence, and that, under the law, he cannot recover for the injuries received. We do not believe plaintiff in error is correct in its contention. The fact that there is a light at the corner of a building, which a man may presume to be a danger signal, and which he should presume if he thought the same was a danger signal, that it was placed there for the purpose of warning the public that there was danger in the immediate vicinity of where the light was located, does not carry with it the further fact that a man is bound to know that such danger signal intends to warn a person against a danger, a distance of forty feet or even twenty feet from the point where such lamp was located. It is a well known fact that sidewalks

become dangerous at times, and that the city, in the exercise of proper precaution, places warnings or danger signals at the point where the sidewalks are defective. It is also a fact that if there is an excavation in a street which is used for people riding on horseback or in vehicles, the danger signal would ordinarily be placed at or near the point where the danger existed. We think Welsh was justified in paying no attention to the danger signal at the corner of the building while he was traveling, on horseback, in the street, a distance of from twenty to fifty feet from the location of such danger signal. The question of contributory negligence in this case, is a question of fact, which should have gone to the jury. The court in its instructions directed the jury that if Welsh, by the use of ordinary care in traveling the street, could have discovered or avoided the danger, it was his duty to have done so, and if he failed therein he was guilty of contributory negligence. In this case we think, under the facts, the court was warranted in letting the jury pass upon the question of contributory negligence, and we therefore find that the court did not err in overruling the motion for a new trial upon the ground that the verdict was contrary to the evidence. (*Wilson v. Trafalger, etc. Co.* 83 Ind. 326; *City of Huntington v. Breen.* 77 Ind. 29; 2 Thompson on Neg. Sec. 52, p. 1203; *Town of Gasport v. Evans,* 112, Ind. 133.)

IV. The next matter which we will consider is the question of excessive damages. Under the evidence in this case it appears that plaintiff below was a strong, able-bodied man before his injury; that since that time he has been unable to work to any great extent. Under these facts we do not think the verdict of the jury was so excessive as to warrant this court in disturbing it.

V. The other proposition discussed by counsel for appellant in his brief is that the plaintiff below was

permitted to amend his complaint by inserting in the prayer a claim for $1,500 damages, instead of $500, as the complaint was originally drawn, and that no judgment for costs should be taken against defendant below.

It appears from the evidence that plaintiff presented his bill for damages to the city council in the sum of $500. Counsel for plaintiff in error contends that suit was originally brought for such sum, and that afterwards, over objection, an amendment was permitted to the complaint by allowing the plaintiff below to ask for a recovery of $1,500. In the transcript we find but one complaint set out, and that is the one asking for the recovery of $1,500; this being the case, we have nothing before us upon the question of the amendment. However, the allowance of such an amendment would not ordinarily be ground for reversal. (*Mulhall v. Mulhall*, decided at the present sitting of this court, and reported on p. 252 of this volume.)

Objection is also made to the judgment for costs. Under our statutes, § 41, ch. 14, p. 174, all claims against the city must be presented in writing to the city council for allowance, and unless so presented no costs shall be recovered against the city in an action brought against it for any unliquidated claim. In the case under consideration a claim was duly presented for $500. At the trial $1,500 was claimed. Judgment was obtained against the city for $1,350. It is contended that plaintiff below could not under these circumstances recover a judgment for costs. Our statute was adopted from Kansas, and is identical in all respects with § 70, ch. 19, General Statutes of Kansas, 1889.

In the *City of Wyandotte v. White*, 13 Kan. 192, Mr. Justice Brewer, in passing upon this question, held to the view that where a claim was presented for $600, such presentation was a sufficient basis for a suit for

$10,000, and a verdict for $1,200, and that the verdict carried the costs.    That decision is controlling.

For the above reasons we affirm the judgment of the court below.

Scott, J., having presided as trial judge, not sitting; all the other Justices concurring.