## HOWARD v. ROSE TWP., PAYNE COUNTY, *et al.*

No. 2563.   Opinion Filed April 4, 1913.

(131 Pac. 683.)

1. TOWNS—Negligence—Liability of Township. A township in this state, in the absence of an express statute creating liability therefor, is not liable in a civil action for damages for the neglect of its officers in failing to perform, or in improperly and negligently performing an official duty.

2. HIGHWAYS—Injury from Defective Highway—Liability of Township. For the distinction between municipal corporations, such as cities and towns, and such as counties and townships, as regards liability for the negligent construction and maintenance of the public highways, etc., see opinion.

3. APPEAL AND ERROR—Harmless Error—Instructions. Where, in a negligence case, the jury finds no breach of duty by defendant an erroneous instruction on the measure of damages is harmless.

(Syllabus by Brewer, C.)

*Error from District Court, Payne County;*
*A. H. Huston, Judge.*

Action by Welcome Howard against Rose Township, Payne County, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Freeman E. Miller,* for plaintiff in error.
*J. M. Grubbs,* for defendants in error.

Opinion by BREWER, C. This suit was commenced on the 7th day of June, 1909, by Welcome Howard, as plaintiff, against Rose township, in Payne county, and G. Brewer, J. K. P. Schooler, and Peter Wills, the officers of said township, as defendants, to recover damages in the sum of $1,250 to certain lands and crops growing thereon, because of an alleged breach of duty upon the part of said defendants.

The facts out of which this controversy arose appear to be, in brief, that some time in 1905 Rose township, for the purpose of deviating a public highway from the section line upon which Howard's land bordered, filed a proceeding in the district court to condemn a roadway for a few hundreds yards across plaintiff's land, and that on April 25, 1905, an agreed judgment was entered in that cause, the substantial parts of which are: That the township was to pay Howard the sum of $40 for taking the land, the damages accruing thereby, together with a certain portion of the costs of the proceeding, and was to build a temporary bridge across a ditch on the west side of Howard's premises, and as soon as same was built Howard was to move his fence. The township was also to grade a road and place a ditch on the west side to carry off the water, and thereupon was to take title to the land for highway purposes and to have possession thereof. The petition, after alleging the terms of this judgment proceeds to charge that the township has failed, neglected, and refused to comply with the terms of said judgment in that it has refused and neglected to grade any road along the west side of defendant's land and to place a ditch there to carry off the water as stipulated in said judgment. The petition also alleges the negligent obstruction of the ditch on the west side of the road that had been constructed by plaintiff prior to the rendition of said judgment. Plaintiff further alleges that during the years 1905 and 1906 said township and its then officers were re-

quested to comply with the judgment, but failed and refused to do so, and that after November 16, 1907, the date of the election of the defendant officers for said township, the plaintiff made demand on them that they comply with and fully perform the terms of said judgment, and that they failed and refused to do so. It is then stated that, by reason of the failure, refusal, and negligence of the defendants so to do, water was caused to flow and be precipitated upon and across plaintiff's growing crops on a portion of his lands, resulting in damages to the crops of 1908 and 1909, also to the land itself, by washing the soil away and rendering it less fertile, and all to his damage in the sum of $1,250. A demurrer interposed by the three township officers upon the ground that the petition failed to state a cause of action against them as individuals was sustained.

The defendant township filed an answer which, after a general denial, contained the following defense:

"That after the rendition of said judgment, and in compliance therewith, the defendant made a ditch on the west side of the road to carry off the water and graded the road and constructed a temporary bridge across the ditch on the east side of the road; that said work was done by reason of said judgment and in compliance therewith, and after its completion the plaintiff examined the same and signified his approval thereof and acknowledged same to be in full compliance with such judgment and the agreement therein set forth."

Proof was introduced at the trial by both parties under the issues so framed, and the jury rendered a verdict in favor of the defendant township.

A number of assignments of error are discussed in the brief, but, under the view we take of the law of this case, it will not be either necessary or profitable to discuss them all. The gravamen of the case, as disclosed by the petition, is based on the assumption that the township is liable for negligence in constructing the public highway and in failing to perform the obligation it assumed in the judgment, in connection with the construction of the highway. No such liability existed.

Under the holdings of this court, and of its predecessor, the territorial Supreme Court, a municipal corporation, such as cities and towns, is held liable for negligence in maintaining its streets, sidewalks, bridges, etc., in an improper and dangerous condition, where persons have been injured because thereof. *City of Stillwater v. Swisher,* 16 Okla. 585, 85 Pac. 1110; *City of Guthrie v. Swan,* 5 Okla. 779, 51 Pac. 562; *Guthrie v. Thistle,* 5 Okla. 517, 49 Pac. 1003; *Pitman v. El Reno,* 2 Okla. 414, 37 Pac. 851; *City of Oklahoma City v. Welsh,* 3 Okla. 288, 41 Pac. 598; *Marth v. City of Kingfisher,* 22 Okla. 602, 98 Pac. 436, 18 L. R. A. (N. S.) 1238; *City of Pawhuska v. Rush,* 29 Okla. 759, 119 Pac. 239; *Derr Const. Co. v. Gelruth,* 29 Okla. 538, 120 Pac. 253; *Colbert v. City of Ardmore,* 31 Okla. 537, 122 Pac. 508. And this same rule has been adopted in many of the states. *Barnes v. District of Columbia,* 91 U. S. 540, 23 L. Ed. 440; *Jansen v. Atchison,* 16 Kan. 358; *Oliver v. Kansas City,* 69 Mo. 79; *Hutson v. New York,* 9 N. Y. 163, 59 Am. Dec. 526; *Higert v. City of Greencastle,* 43 Ind. 574; *City of Wyandotte v. White,* 13 Kan. 191, and numerous cases cited.

But a distinction is made in this state, and many of the other states, between municipal corporations, such as cities and towns, and such quasi corporations as townships, counties, etc. This distinction is clearly drawn in the case of *James v. Wellston Township,* 18 Okla. 56, 90 Pac. 100, 13 L. R. A. (N. S.) 1219, 11 Ann. Cas. 938. That case was an action for damages for the failure and neglect of the officers of the township to keep in repair its roads and bridges, because of which negligence the plaintiff suffered a personal injury. In affirming the action of the trial court in sustaining a demurrer to a petition fully stating such negligence and injury, the court in an elaborate opinion collates and discusses many authorities on this question and arrives at the following conclusion, as stated in headnotes by the court:

"In the absence of express statute imposing a liability on townships for injuries sustained from defects in highways, such

townships, in this territory, are not liable in a civil action for damages for neglect of public duty in failing to keep the highways in a safe and proper condition."

And relative to the distinction between the classes of municipal corporations and the reasons why such as counties and townships should not be liable for the failure of their officers to perform their public duties, the court says:

"In some states it is held that municipal corporations proper are, without any express statutory provisions to that effect, liable for all injuries caused by defective highways, on the theory that being invested with the exclusive control over the highways within their limits, and having ample power to raise money for their construction and repair, it is their duty to keep the highways in a reasonable and safe condition, for failure to perform which they are subject to corresponding liability. But, on the other hand, it has been held that quasi municipal corporations are not liable for defects in the highways, unless they are expressly made so by statute; the theory on which they are distinguished from municipal corporations proper being generally stated to be that they are mere agencies of the state. We think the correct theory on which it is held that quasi corporations, such as counties and townships, are exempt from liability is that they are but auxiliary parts of the sovereignty. The sovereignty is vested in the state for the purpose of carrying out the political powers of the state, and for convenience the state is divided into counties, the counties are divided into townships, and the townships are divided into road districts. These subordinate divisions being merely component parts of the great body politic of the state, and as public policy would dictate that the state, for a failure to perform a public duty, would not be liable in civil damages to a citizen, the same rule would apply as to subordinate political subdivisions of the state."

In discussing the rule laid down in that case the court says:

"Perhaps there is no other question that has received more frequent consideration by the courts of this country than this one, and none where the decisions have been more in harmony and of one accord. It is true that there are three or four states holding adversely to this contention, notably, Iowa, Maryland, and Pennsylvania. But we think an examination of the authorities will convince that the great weight of authority is

with the doctrine of the nonliability of townships under the conditions set forth in this petition."

The court cites *Vail v. Amenia*, 4 N. D. 239, 59 N. W. 1092; *Elkenberry v. Bazarr Township*, 22 Kan. 556, 31 Am. Rep. 198; *Marion County v. Riggs*, 24 Kan. 255; *Barnett v. County*, 67 Cal. 77, 7 Pac. 177; *El Paso County v. Bish*, 18 Colo. 474; 33 Pac. 184; *Heigel v. Wichita County*, 84 Tex. 392, 19 S. W. 562, 31 Am. St. Rep. 63; and many other cases. That case is authority controlling in the case at bar.

The trial court held in this case, upon the authority of *James v. Wellston Township, supra*, that the township was not liable in damages for the negligence of its officers as charged in the petition, but submitted to the jury the issue as to whether the work agreed to be done in the judgment had been done in substantial compliance therewith, and that, if it had, there was no liability, and, if it had not, that plaintiff could recover a sum equal to the cost of the unperformed work; and, if partially performed only, then the recovery would be limited to the cost of the work necessary to finish it in conformity with the judgment. We see no material error in this charge, but, if there was, it would be immaterial, because on the main issue of performance or nonperformance of its full duty the jury found in favor of the township, which cannot mean anything else than that every duty owed by the township to plaintiff had been substantially performed, and that therefore no recovery could be had. Where there is no breach of duty, there can be no recovery, and even an erroneous instruction as to the measure of the recovery would not be prejudical.

The objections to the refusal of evidence offered grew out of the ruling of the court against liability for negligence of defendant's officers in the discharge, or failure to discharge, their official duties, and need not be discussed. The contention that the court erred in sustaining the demurrer of the individual officers as to personal liability is urged in the brief, but no case is referred to to sustain the point. From a careful reading of the petition, we think the demurrer was properly sustained.

The contention that the court erred in admitting evidence that the ditch dug by the defendant was sufficient for the purpose and fulfilled the obligation of the judgment is not sound. Indeed, we fail to see the grounds upon which it is made. The alleged insufficiency of this ditch was the real basis of plaintiff's claim. The answer so treated it when it alleged that it and the other things required had been done in compliance with the judgment. The evidence was competent, relevant, and highly material.

The judgment of the court should be affirmed.

By the Court: It is so ordered.