# CITY OF GUTHRIE V. CYNTHIA E. SWAN.

1. DAMAGES—*Municipal Corporation—Liable for—When.* A municipal corporation in this territory is in case of personal injuries, caused by its officers and agents, by reason of their negligence in causing and permitting a street to be left in an unsafe condition, or out of repair, liable in damages, in the absence of an express statutory provision, imposing such liability.

2. MUNICIPAL CORPORATION—*Liability of.* The liability arises from the power which has been conceded to the municipality to levy and collect taxes for general revenue purposes upon property within the limits of the city and to open, straighten and improve the streets and to make assessments therefor, and these large powers of taxation and control carry with them the duty to keep the streets reasonably safe and convenient, and if a municipality should fail to do so, it shall be, in a proper case, held to respond in damages. The plaintiff was injured while passing by a point of danger upon one of the streets of the defendant city at night. Upon evidence that she was not acquainted with the danger, that the night was particularly dark, that she was walking slowly and carefully, that there were no lights, either danger signals or the usual electric light near the point, and that no barrier to protect travelers from the place of danger were erected, that when she discovered an obstruction she stepped down from the sidewalk and out into the road where she thought it was smooth, and she thought it was only down about a foot, but it proved to be two or three feet, "a great deal further than she expected," and in doing so she was injured, presents a case which should be referred to a jury to determine under proper insructions whether the plaintiff was guilty of contributory negligence.

3. MUNICIPAL HIGHWAY—*Sufficiency.* The sufficiency of the highway is usually a mere question of fact to be determined by the jury under the evidence from its actual condition.

4. ACTION FOR DAMAGES—*Instruction.* It is a correct statement of the law to instruct the jury that the plaintiff had a right to presume that the sidewalk was reasonably safe, but if, in passing upon it, she saw that there was an appearance of danger, then she had no right to proceed further upon the presumption that the walk was in a safe condition, but that the law required her, after she had noticed the danger, to use care commensurate with such apparent danger, and if she failed to so act, and received the injury, she could not recover, but that if, after she received notice of the danger, she was then in the exercise of due care and under the belief that she had found a safe place to travel, she attempted to pass along the street, and in such attempt received an injury, which could not have been avoided by the use of a degree of care apparently sufficient to avoid the danger. then she might recover for the injuries sustained, if caused by the negligence of the city.

5. SIDEWALKS—*Duty of City to Maintain.* An instruction that the duty ordinarily arising upon the city to maintain its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, is remitted during the time occupied in making repairs or public improvements, is defective and misleading in the absence of an additional statement of the law to the jury that it is the duty of the defendant at such times to place warning signals for passers by and to place barriers preventing travel across the point of danger during the time of making such repairs and improvements.

6. DAMAGES—*Principles Governing Actions for.* The principles upon which a recovery may be had in a case like the present, and one in which the recovery for damages might be had against a private individual, are identical. They are that, if the injured person is in actual knowledge of the danger which threatened him, and if, in the exercise of ordinary care, he would not have apprehended the danger, in time to have avoided the consequence of the defendant's negligence, that he would be charged with contributory negligence. Even if the person injured has reason to apprehend the danger it will, yet, not follow as a necessary consequence, that he has been guilty of contributory negligence. The rule requires, however, that if, with notice of danger, he still incurs risk that he will be held accountable for all the risks and injury which a careful and prudent person would apprehend as likely to flow from his conduct, and if, notwithstanding such care, he is yet injured by the negligence of another, without any negligence upon his·part proximately contributing to the injury, he may recover, and the question of due care on his part, to avoid the danger, is usually for the jury.

*Error from the District Court of Logan County.*

*Bayard T. Hainer*, for plaintiff in error.

*George Gardner*, for defendant in error.

The opinion of the court was delivered by

McATEE, J.: In this action the plaintiff below, defendant in error here, recovered a judgment against the city of Guthrie for damages alleged to have been sustained by her on account of the negligence of the city in that it failed to keep its streets in a reasonably safe condition for the public to travel upon. The case was before this court at the June, 1895, term, when it was passed upon in an opinion to be found in 3 Oklahoma, 116, where the facts are clearly stated in substantially the same form as they appear in the record in this trial.

Error is assigned that, (1) the petition fails to state

facts sufficient to constitute a cause of action, and in the overruling of the demurrer to the petition, and (2) that the plaintiff was guilty of contributory negligence as shown by her own evidence, and (3) misdirection of the jury, and (4) in refusing to give special instructions 1, 2 and 3, at the request of the defendant.  Upon these assignments of error it is contended in the first place that, a municipal corporation is not liable, in the absence of an express statutory provision, imposing a liability for personal injuries caused by its officers and agents by reason of their negligence in causing and permitting a street to be left in an unsafe condition or to remain out of repair, and the sufficiency of the petition is argued upon this proposition.  In support of it opinions are cited from the supreme courts of Massachusetts and other New England states, and is supported in Michigan, California and Arkansas.

It is conceded that this doctrine has been uniformly held in the New England states, where it has been declared, that it is difficult to reconcile the view that the mere acceptance of a municipal charter is to be considered as conferring such a benefit upon the corporation as will render it liable to a private action for neglect of the duties imposed upon it, if the doctrine that the purpose of the creation of municipal corporations by the state is to be exercised as a part of its powers of government. (*Hill v. Boston*, 122 Mass. 344).

And it is held in Michigan that a municipal corporation, in the absence of a statute to that effect, is not liable for damages received on account of defective sidewalks or streets.   (*Detroit v. Blackby*, 21 Mich. 84).

And it is admitted that like views obtain in the supreme courts of California and Arkansas.  But they are exceptional.

In this territory cities of the first class, such as the city of Guthrie, are empowered to levy and collect taxes for general revenue purposes upon all real, mixed and personal property within the limits of the cities; to open, straighten and improve streets and to make assessments therefor, which shall constitute a lien upon the property within the city and the general powers of municipal government are given to the city council to open, widen, lengthen or otherwise improve any street, avenue, alley or lane, and to exercise general municipal control and to collect taxes and pay for all expenses which may be required to sustain this authority, and to carry it into execution in its various forms. And the general rule which has been upheld in a great majority of the states of the union is founded upon the view that these full powers of control given over the streets, together with complete power to tax for the purpose of opening, widening or closing and keeping them in order, including the sidewalks, imposes upon the municipality a duty to keep them in a reasonably safe condition for travel, according to the general custom and manner, and that when these large powers of taxation and control are deputed by the public to city and the municipal organization that the duty is imposed upon it to exercise the powers thus conceded, in such a manner as that the streets shall be reasonably safe and convenient, and that if the municipal government and its officers and agents fail to do so, it is according to the best reason that the municipality should be held to respond in damages to any one who has been injured by their neglect of duty, and who appears to have been himself in the exercise of ordinary care under all the circumstances of the particular case.

After an elaborate review of the cases upon this subject and summary of the whole matter, is cited by Judge

Dillon in his work on Municipal Corporations, § 1017, in the declaration that while the municipal corporations have the powers thus conferred upon them, they owe to the public the duty to keep them in a safe condition for use in the usual mode by travelers, and are liable in a civil action for special injuries resulting from neglect to perform this duty, and that the duty exists when the place is one which it is the duty of the corporation to keep in a safe condition, and is to be inferred from the construction of the charter or statutes applicable to the corporation, and (2) when, upon a fair view of the charter and statutes the duty appears to rest upon it as a municipal corporation, as such, and not upon it as an agency of the state, and that this will sufficiently appear when the municipality has had conferred upon it peculiar powers and privileges as to streets apart from the general provision throughout the state relating to ways, and (3) when the duty of maintaining the streets is supported by the power to levy taxes and impose local assessments for the purpose. All of these conditions concur in this case, and we must hold the liability to exist in the defendant corporation, although the legislature of the territory has made no express provision imposing such liability for negligence upon it expressly.

Among the multitude of authorities sustaining this view are: *Weightman v. Washington*, 1 Black [U. S.], 39; *Barnes v. District of Columbia*, 91 U. S. 540; *Jenson v. Scott*, 16 Kan. 358; *Oliver v. Kansas City*, 69 Mo. 79; *Mayor v. Sheffield*, 4 Wall. 189; *Hudson v. Mayor of New York*, 9 N. Y. 163; *Higert v. City of Greencastle*, 43 Ind. 574; *Centreville v. Woods*, 57 Ind. 192, also the English courts and the supreme courts of of the states of Nebraska, West Virginia, Alabama,

Pennsylvania, Minnesota, Illinois, Ohio, Maryland, Kentucky and Wisconsin, and this court has uniformly proceeded in this class of cases in disregard of the proposition now advanced. (*City v. Swan*, 41 Pac. Rep. 84; *City v. Myers*, 46 Pac. Rep. 552; *City v. Welch*, 41 Pac. Rep. 598; *City v. Pitman*, 4 Okla. 638).

The second proposition of the plaintiff in error is that the testimony shows that she was guilty of contributory negligence and that the court should have sustained the demurrer to the plaintiff's evidence. Testimony was adduced to show that, as the plaintiff approached First street, the sidewalk was torn up and piled in sections; that there were no red lights at the point of injury on First street; that there was no railing built there as a preservative against danger; and that when she came to First street she saw that it was graded; that it was dark; cloudy, "particularly dark;" that she stepped down slowly and carefully; thought she was stepping down a foot and that when she struck the ground it must have been two or three feet; that she did not observe that the sidewalk had been torn up until she got to the place where it was taken up; that she could not see it before; that when she discovered its condition she went immediately into the road where she thought it was smooth and walked along there; that she traveled on the south side of the sidewalk on the street in coming up to the point where she was injured; that she knew the street was not traveled on the north side as much as on the the south side; that the ground was higher, and sloped up higher on the north than on the south side; and that when she stepped down into the dark place it was a great deal further than she expected, the injury followed; that she was on her way home from a church

meeting when the injury complained of occurred; that she had no knowledge that any cut had been made across there at the time she started from the church to go home and that she had not been along there after the cut was made. These circumstances adduced in evidence were such as that it was the duty of the court to submit them to the jury for determination as to whether or not, under proper instructions, the plaintiff was guilty of negligence. The same question was submitted for the consideration of this court upon the former trial of this case and there passed upon and similar conditions have been uniformly submitted to the jury upon the trial of like cases in the territory with the approval of this court. The sufficiency of the highway is almost always a mere question of fact to be determined by the jury upon the evidence of its actual condition. (*Draper v. Ironton*, 22 Wis. 696).

And in the third place the plaintiff in error objects especially to the eighth instruction given to the jury by the court as a misdirection of the law applied to the facts in this case.

The instruction directed the jury that the plaintiff had a right to presume that the sidewalk was reasonably safe, but if, in passing upon it, she saw that there was an appearance of danger, then she had no right to proceed further upon the presumption that the walk was in a safe condition, but that the law required her after she had noticed the danger, to use care commensurate with such apparent danger, and if she failed to so act and received the injury she could not recover, but that if, after she received the notice of the danger, she was then in the exercise of due care and under the belief that she had found a safe place to travel, she attempted to pass along

50—v.

City of Guthrie v. Cynthia E. Swan.

the street, and in such attempt received an injury, which could not have been avoided by the use of a degree of care apparently sufficient to avoid the danger, then she might recover for the injuries sustained, if caused by the negligence of the city.

The jury could not have been misled by this instruction, for the law which requires that the plaintiff must have been in the exercise of due care, and that care should be used commensurate with the apparent danger in order to enable the plaintiff to avoid the danger, and that if she was not in the exercise of such a degree of care she could not recover, was such as has been approved in this court in similar cases and we believe to be correct.

It was in the fourth place argued by the plaintiff in error that the court erred in refusing to give special instructions 1, 2 and 3, at the request of the counsel for the city, and that such a failure was prejudicial to the substantial rights of the defendant city.

The first of these instructions presented the view that the court failed altogether to charge the jury that the duties imposed upon the city in regard to the street undergoing improvements are widely different from those generally imposed, and, that hence the duty of giving the special instruction numbered 1, offered by the defendant, which was the duty ordinarily arising upon a city to maintain its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes is remitted during the time occupied in making repair or public improvements.

This instruction was not a correct statement of the law, for the reason that it was the duty of the defendant at such times to place warning signals for passers by or place barriers preventing travel across the point of danger during the time of the improvement, and the instruction

should have contained a provision that the jury find; that if the street was not in a reasonably safe condition, that it was the duty of the city to give warning thereof by lights or other danger signals or by the erection of barriers.

The second instruction was to the effect, that:

"The jury is instructed that if Mrs. Swan knew that the street was in a dangerous condition and attempted to pass over or across such street and was unable to determine the extent of the point of danger in consequence of the darkness of the night she has no reason to complain of any injuries received by her by reason of the fact that she was unable to cross the dangerous place in safety. In such case Mrs. Swan took the risk upon herself and cannot recover in this action."

This instruction does not present the law as it has been declared in a number of cases by this court. The law was correctly stated by the court not only in other instructions, but also in the eighth instruction given above, since it stated the law as it is upon "an appearance of danger," and put the plaintiff upon that degree of care which is commensurate with the danger, thus instructing the jury with sufficient clearness and in sufficient detail and with emphasis, that upon the appearance of danger the law required an increase of care from the plaintiff, and that she must be on her guard, and that if she was using a degree of care apparently sufficient to avoid danger, then she had a right to recover for injuries sustained, if they were caused by the negligence of the city.

The third special instruction of the defendant refused by the court and here declared to be error is to the effect that, under the laws of this territory, no action can be maintained against a city of the first class in exercising

or failing to exercise any corporate power or authority in any case where such action would not lie against a private individual under like circumstances.

No argument is made upon this instruction and it is introduced apparently upon the ground that the rule of damages would be different in cases in which private individuals are defendants and which are of sufficient analogy with the present to admit of a comparison. No such conclusion as is sought by the defendant can be drawn from this proposition, which is correctly recited from the statute, since the general rule applicable to all persons under this head is that if the injured person had no actual knowledge of the danger that threatened him, and if in the exercise of ordinary care under the circumstances he would not have apprehended such danger in time to have avoided the consequences of the defendant's negligence he can not be charged with contributory negligence. There must be knowledge of the danger, or sufficient reason to apprehend it, to put a reasonable man on his guard or there can be no contributory negligence. But even though the person injured had reason to apprehend it, yet it does not necessarily follow that he has been guilty of contributory negligence. Thus one may voluntarily and unecessarily expose himself or his property to a known danger without being guilty of contributory negligence as a matter of law; and while in so doing he is held to assume all risks of injury which a careful and prudent person would apprehend as likely to flow from his conduct, yet if injured by the negligence of another without any negligence upon his part proximately contributing to the injury he may recover; and it is usually held a question for the jury whether he was in exercise of due care to avoid danger.

(A. & E. Enc. of Law, vol. 4, p. 34; *Jaffray v. Keokuk, etc. Ry. Co.* 56 Ia. 546; Thompson on trials, vol. 2, 1172, § 18; Beach on Contributory Negligence, 38; *Gray v. Scott,* 66 Penn. St. 345; Deering on Negligence, §§ 16, 23,24; Beach on Contributory Negligence, pp. 39, 40; Sherman and Redfield on Negligence, § 31).

The judgment will be affirmed.

Dale, C. J., who presided in the court below, not sitting; all the other Justices concurring.