## OKLAHOMA CITY v. HUNTER, Adm'r.

No. 17122—Opinion Filed Oct. 5. 1926.

1. **Municipal Corporations—Liability for Defective Conditions Arising in Streets and Sidewalks.**

A city will not be liable for injury resulting to a pedestrian from the defective condition of a sidewalk or street, where the defect arises after the sidewalk or street has been put in safe condition for travel, unless the existence of the defect was known, or could have been known to the city, by the exercise of ordinary care.

2. **Same—Liability for Defective Construction Regardless of Notice.**

If the defective condition which causes the injury is the result of negligence in the construction of the sidewalk or street by the city or its agents, the city will be held liable for the injury, although the city may not have had actual or constructive notice of the particular defect.

3. **Negligence—Contributory Negligence a Jury Question.**

Contributory negligence is a question of fact for the jury under proper instructions from the court.

4. **Municipal Corporations—Recovery by Pedestrian for Injuries from Defective Street Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion. Division No. 4.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by T. J. McElroy against Oklahoma City for damages for personal injury. Judgment for plaintiff. Plaintiff later died, and the cause was revived in the name of his personal representative, John S. Hunter. The defendant brings error. Affirmed.

John F. Martin and Bliss Kelly, for plaintiff in error.

Breck Moss, for defendant in error.

Opinion by STEPHENSON, C. T. J. McElroy commenced his action against Oklahoma City for damages and personal injury, resulting to the plaintiff through alleged defective condition of a sidewalk or street. The defendant filed its general denial wherein the plea of contributory negligence was relied upon. The trial of the cause resulted in judgment for the plaintiff. The plaintiff died, and the cause was revived in the name of his personal representative. The defendant perfected its appeal to this court, and submits the following proposition for the reversal of the cause: (a) That the evidence is insufficient to support the verdict; (b) that the plaintiff was guilty of contributory negligence; (c) that the court committed error in its instructions in describing the place of the accident as being on a sidewalk instead of a street.

The plaintiff in error let a contract to the Western Paving Company for grading and improving a portion of Agnew avenue. In the course of the improvement, dirt was excavated from the street and along the side of the street and placed by a culvert. The evidence discloses that the excavation was made in a manner so that the street car track was higher than the surface of the street. It rained considerable in the months of September and the first days of October. accumulating water on the street, which ran off the embankment of the street at a point about 20 feet north of the culvert. The sidewalk on the west side of the street did not extend across the ravine which was bridged by the culvert. The city prepared a walk on the street approaching the culvert, so that persons leaving the sidewalk might pass on to the street, and use the culvert in crossing the ravine. It appears from the evidence that the water in passing from the street washed out one or two holes by the side of the footway on the street to a depth of some three or four feet. The plaintiff came along the sidewalk in the nighttime, on the west side of Agnew street, and passed on to the street along the way provided for people to walk over

the culvert. In following the footway by the hole, washed in the embankment, the plaintiff fell into it, and broke his leg in two places. The plaintiff alleged that the embankment was improperly constructed, and that the city was guilty of negligence in leaving the embankment in the condition which resulted in the water washing out the hole. The plaintiff further alleged that the city was guilty of negligence in failing to maintain a barrier around the hole, and failing to give notice of its presence by a red light. One of the witnesses testified that the muddy condition of the street at this place had existed for nearly a month. It may be inferred from the evidence that the manner of the excavation, and the condition in which the embankment was left, resulted in accumulating more water on the street than would have happened otherwise, which flowed off the embankment in narrow confines, in a volume sufficient to wash out the hole. Some of the witnesses testified that there was a continuous drizzling of rain through the month of September, and up to the second of October, when the accident occurred. The evidence indicates that the condition of the street was not the result of a sudden and excessive rainfall. The evidence does not show how long the hole existed in the embankment, but does show that the place where the accident occurred had been in a muddy condition for nearly a month. It may be inferred from all the evidence that the hole resulted from a process of erosion during the time that the rain was falling in the month of September and the first days of October.

A city does not become an insurer of the safety of those who use its streets and sidewalks. It is the duty of the city to exercise ordinary care in the construction and maintenance of its sidewalks and streets for the safety of those may use them. If a city has exercised ordinary care to place its sidewalks and streets in a reasonably safe condition for those who use them, it will not be liable for injury resulting from a defect therein, unless the city has notice of the existence of the defect, or should have known of the same in the exercise of ordinary care for maintaining the same in a reasonably safe condition for travel. However, a city must use reasonable care during the process of making the improvements and changes on its sidewalks and streets for the safety of those who travel thereon, if the city permits such use during the time of the improvements. A city will be liable for a condition which results in injury to those who use the streets on permission of the city, if the condition is the result of the negligent manner in which the work was done, although it may not have actual or constructive notice of the existence of the particular defect.

The evidence in this case is sufficient to warrant one or the other, or both the following conclusions—that the hole existing in the street was the result of erosion caused by the rains falling in the month of September and early days of October, and that the erosion was in process of creating the defect during the entire time, or that the surface of the street was left so that it accumulated a greater volume of water than would have resulted if reasonable drainage had been provided, which flowed off the embankment in narrow confines where the earth was not left in a solid condition. resulting in the defects complained about.

The cases supporting the rules applied herein are: O'Donnell v. City of Butte (Mont.) 211 Pac. 190; City of Denver v. Moewes (Colo. App.) 60 Pac. 986; City of Emporia v. Schmidling (Kan.) 6 Pac. 893; Neer v. City of Sumas (Wash.) 187 Pac. 337; Thompson v. City of Bellingham (Wash.) 192 Pac. 952; City of Guthrie v. Swan, 5 Okla. 779, 51 Pac. 562; Tepfer v. City of Wichita (Kan.) 136 Pac. 317; Lawton v. Hills, 53 Okla. 243, 156 Pac. 297.

It was not error for the court to describe the place of the accident as a sidewalk instead of a street, as the city had provided a passageway for the public over the culvert and street. The invitation to pedestrians to use the street and culvert at this point imposed the same legal obligation on the city as if the accident had occurred on the sidewalk. The question of contributory negligence is one of fact for the jury under proper instructions from the court.

We have examined the entire instructions, and think that the issues were fairly submitted to the jury. There is sufficient competent evidence to support the verdict in favor of the plaintiff.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. p. 1384; anno 20 L. R. A. (N. S.) pp. 577, 583; 13 A. L. R. 18; 13 R. C. L. p. 354; 3 R. C. L. Supp. p. 46: 4 R. C. L. Supp. 810. (2) 28 Cyc. p. 1387. (3) 28 Cyc. p. 1510; anno. 13 L. R. A. (N. S.) 1261; 13 R. C. L. p. 521, et seq.; 3 R. C. L. Supp. p. 60; 4 R. C. L. Supp. p. 822. (4) 4 C. J. p. 1129, §3122.