# INC. TOWN OF IDABEL v. HARRISON.

No. 3622.   Opinion Filed July 7, 1914.

(141 Pac. 1110.)

1. **WATERS AND WATER COURSES**—Surface Water—Rights of Landowners.   An owner of land has no right to gather up and accumulate surface water and conduct same in large volume onto the land of an adjoining proprietor to his damage.

2. **JUSTICES OF THE PEACE**—Pleading—Sufficiency.   Pleadings in a justice of the peace court are construed very liberally, and the same exactness and particularity is not required as in pleadings filed in courts of record.

3. **MUNICIPAL CORPORATIONS** — Claim for Unliquidated Damages—Failure to File—Effect.   The fact that a claim for unliquidated damage arising out of a tort is not made out, itemized, verified, and filed for allowance or rejection with the proper municipal officers does not prevent a suit being maintained thereon; in such case the plaintiff is penalized to the extent that he cannot recover costs.   Section 605, Rev. Laws 1910.

(Syllabus by Brewer, C.)

*Error from County Court, McCurtain County;*
*E. E. Cochran, Judge.*

Action by Mrs. Pearl L. Harrison against the Incorporated Town of Idabel, Okla.   Judgment for plaintiff, and defendant brings error.   Modified and affirmed:

*H. P. Hosey,* for plaintiff in error.

*Spriggs & Skipper,* for defendant in error.

Opinion by BREWER, C.   This is a suit for flood damages against the town of Idabel.   It is claimed as grounds for the action that the authorities of the town in improving the streets constructed the ditches, draining a number of streets so that they gathered surface water falling on a large area of land, and conducted it onto "Division street" and along it to "Court street," upon which plaintiff's residence lots abut; that after providing ditches to conduct the accumulated rainfall to Court street they quit work and provided no outlet for the water, which would

necessarily accumulate, with the result that heavy rains came, and the ditches gathered same and conducted it to Court street, where it accumulated in volume, and, having no outlet provided, overflowed plaintiff's lots and caused certain damage. For this she sued and obtained judgment for $100. It is contended that the petition does not state a cause of action: First, because it does not show liability upon the part of the town; second, because the petition does not aver that the ditches were dug under the direction of officers of the town charged with the duty of improving the streets; third, that it fails to show that a claim for the damages was filed with and disallowed by the town authorities.

(1) The petition stated a cause of action against the town, unless it is deficient because of one or both of the two special reasons urged. It is the settled law of this state that the owner of land has no right to gather up and accumulate surface water and conduct same in large volume onto the land of an adjoining proprietor to his damage. The rights and duties of landowners, in handling surface waters that fall upon the lands as rain or snow, have been very fully discussed, and many of the authorities collected, in the recent case of *Gulf, Colorado & S. F. Ry. Co. v. Richardson et al., ante,* 141 Pac. 1107.

(2) The allegations were sufficient on the point that the ditches were dug by and under the authority of the incorporated town. The suit was originally filed in a justice of the peace court, and it has been often held that the same degree of particularity is not required in testing the sufficiency of a petition in such a court as would be applied to the more formal pleadings in a court of record. *White v. Oliver,* 32 Okla. 479, 122 Pac. 156; *F. & G. Co. v. Alexander,* 30 Okla. 224, 120 Pac. 632; and long list of cases cited, Crawford's Digest, vol. 2, p. 1779.

(3) The contention that plaintiff cannot maintain this suit for damages because she did not present a claim therefor to the town trustees for allowance or rejection is not well taken. The statute (section 603, Rev. Laws 1910) is as follows:

"All claims against the city must be presented in writing, with a full account of the items, and verified by the oath of the

claimant or his agent, that the same is correct, reasonable and just, and no claim or demand shall be audited or allowed unless presented and verified as provided for in this section: Provided, that no costs shall be recovered against such city in any action brought against it, for any unliquidated claim, which has not been presented to the city council to be audited, nor upon claims allowed in part unless the recovery shall be for a greater sum than the amount allowed with the interest due; and provided, further, that no action shall be maintained against such city in exercising or failure to exercise any corporate power or authority in any case where such action would not lie against a private individual under like circumstances."

The claim in this suit is for uuliquidated damages arising out of the tort of the incorporated town. There is nothing in the statute that prevents the suit. The plaintiff in such suit is penalized to the extent that costs cannot be recovered. *Oklahoma City v. Welch,* 3 Okla. 288, 41 Pac. 598.

The judgment in this case awarded costs, and this was error, but it should not reverse the case. The petition states a cause of action. The evidence is sufficient to sustain the verdict. There is no reversible error in the instructions. The judgment should be modified, so as to deny plaintiff any costs. But inasmuch as the town appeals from the entire judgment, and fails to show reversible error, and did not complain to the trial court, as to the matter of costs, so that the judgment could be corrected, and has not complained of same here, the costs of the appeal should be taxed against the appellant.

By the Court: It is so ordered.