## MILLER v. MARRIOTT.

No. 4595.    Opinion Filed June 15, 1915.

(149 Pac. 1164.)

1.    APPEAL AND ERROR—Presentation for Review—Case-Made—Evidence—Dismissal. Where, on the trial, witnesses are examined in regard to the location of certain streams and of other locations on the land, by the aid of a plat, which is introduced in evidence, but no marks are made on the plat by the witnesses to indicate they are referring to the point on the map, if the answers of the witnesses can be understood by reference to the plat, which accompanies the case-made and is made a part thereof, the appeal will not be dismissed on the ground that the case-made does not contain all of the evidence.

2.    WATERS AND WATER COURSES—Obstruction of Channel—High Water—"Water Course." Where surface water has been accustomed to gather and flow along a well-defined channel, it may not be obstructed to the injury of the dominant estate; so where, in case of high-water, the surplus water from a creek regularly discharges itself through a well-defined channel, which is the accustomed way through which it flows, such channel constitutes a "water course."

3.    TRIAL—Waters and Water Courses—Demurrer to Evidence—Obstruction of Water Course. On a demurrer to the evidence, the demurrant admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences which may be reasonably drawn therefrom; so, where the plaintiff introduces evidence that in case of floods the surplus waters of a creek escaped by way of a branch, describing the direction in

which such branch flows and where it empties into a creek, and the case-made contains a plat showing the course the branch follows after leaving the creek to where it discharges its water, on demurrer to the evidence it is a fair deduction that this branch is a "water course," as defined in the second paragraph of this syllabus.

4.   TRIAL—Submission of Issues—Inference Deducible from Evidence. If an inference drawn from the evidence is a reasonable one, although not a necessary one, the court will not invade the province of the jury by withdrawing from it the right to pass on the fact to be deduced from such inference.

(Syllabus by Devereux, C.)

*Error from District Court, Tillman County;*

*Frank Mathews, Judge.*

Action by C. S. Miller against R. A. Marriott. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

In this action the plaintiff in error in his first cause of action asks for a mandatory injunction to require the defendant to remove a dam built by the defendant, which the plaintiff alleged interrupted the flow of the water in times of flood, and thereby caused his land to be overflowed. The second and third causes of action are for damages to crops caused by backing water on the plaintiff's land by reason of the same dam.

It appears from the evidence that the plaintiff and defendant own adjoining farms; the plaintiff's being the dominant tenement. Two creeks, known as Deep Red and Little Red, flow in very meandering courses across both farms. Little Red enters the plaintiff's land about the center of its western boundary, and runs through it in an eastwardly direction until it empties into Deep Red not far from the western boundary of the defendant's land. It appears from the evidence, as explained by the plat which

was introduced by the plaintiff, that at a point a very little way from the plaintiff's east line there is a branch which runs in a southerly direction, but a little east, for a short distance, where it crosses to the defendant's land, and there flows near to and parallel with the boundary between the two farms, and thence southeastwardly until it discharges into a creek.  The plaintiff testified in regard to this branch:

"Q.  You may state the nature of that branch?  A. Well, as to Deep Red, it is a larger creek than Little Red; as Deep Red comes down here to where Little Red runs into Deep Red, it pushes the water back up here, and keeps on pushing it back up Little Red until it breaks over, or it gets up to the branch here, and then it comes off down this branch onto Mr. Marriott's place and flows on back into the creek.  Then, as it gets higher, it comes onto this place here where it breaks over at this northwest part of my place, and then it flows southeast over my place, and comes on down and strikes Marriott's right here, and flows on off over his place and on down to the creek again."

There was also evidence that at another point on Little Red creek, a short distance west of the center of the plaintiff's land, in times of flood the water broke over the banks of Little Red and flowed southeast across the lands of both the plaintiff and defendant.  It appears from the evidence that in floods the surplus water of Little Red flowed down across the branch spoken of and across the land of the plaintiff and defendant until it emptied into the creek, as above set out.  It further appears that the defendant, before the commencement of this action, constructed the dam in question from a point near the high land in the southwest corner of his farm northwardly to a point near his north line, and across the branch, thus

stopping up the branch by which the surplus waters of Little Red had been accustomed to flow. This dam was about six feet high. There is evidence in the record that by the construction of this dam the surplus waters of Little Red, which prior thereto had flowed across the land of the defendant, were ponded on the land of the plaintiff, and remained there much longer than had been the case prior to the building of such dam, and that in consequence the crops of the plaintiff had been damaged by the standing water in a greater degree than they had been before the dam was built.

The defendant demurred to the plaintiff's evidence, which was sustained by the court, and the plaintiff brings the case to this court by petition in error and case-made.

*H. P. McGuire,* for plaintiff in error.

*Wilson & Roe,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The defendant in error contends that we cannot consider any of the questions raised in this case because it appears that the case-made does not contain all the evidence, for the reasons as stated in his brief:

"A large part of the evidence introduced by the plaintiff on the trial had reference to a certain map or diagram purporting to be a representation of the premises of the plaintiff and defendant, the streams running through said premises, and the dike or dam complained of. This diagram or map was used in the examination of nearly all the witnesses. In testifying the witnesses would indicate upon the map certain objects, also directions in which water flowed, and other things, indicating same by pointing out the objects, tracing the flow, etc., accompanied by the words 'here,' 'this way,' etc., but no marks were made by them upon the map, to preserve a record of their references thereto for future reference, and no words were

used by the witnesses to indicate said directions, etc., but the court and jury received such evidence through their sense of sight only, and no record of any kind is preserved of that testimony."

We do not agree with counsel. A map was introduced in evidence and accompanies the case-made. The record nowhere discloses that more than one map was used, and we have carefully compared the evidence with the map, and it makes it sufficiently intelligible.

The case-made comes here on a demurrer to the plaintiff's evidence, and it is well settled that in such case it must be taken that he who interposes the demurrer admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably drawn therefrom, and this court will consider as withdrawn all the evidence which is most favorable to the party demurring. *Ziska v. Ziska,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1.

Applying this rule to the case at bar, it is admitted, for the purpose of this demurrer, that there is a branch heading on the land of the plaintiff, which flows a short way on the plaintiff's land, then goes over on the defendant's land, and then flows off to the southeast; that in case of floods the water from Little Red found an outlet through this branch; that the plaintiff's dam is built directly across it and prevents its flowing as it did before the construction of the dam; and that prior to the construction of the dam the water ran off through this branch, but that this is prevented by the dam, and the water is ponded on the land of the plaintiff. A reasonable deduction from this evidence is that this branch is a waterway within the definition of this court in *C., R. I. & P. Ry.*

*Co. v. Groves,* 20 Okla. 101, 93 Pac. 755, 22 L. R. A. (N. S.) 802, where it is held:

"Where the surface water has been accustomed to gather and flow along a well-defined channel, which by frequent running it has worn or cut into the soil, so as to have well-defined banks, it may not be obstructed to the injury of the dominant proprietor."

In *Town of Jefferson v. Hicks,* 23 Okla. 684, 102 Pac. 79, 24 L. R. A. (N. S.) 214, it is held:

"The owner of the lands situated upon a water course may construct an embankment thereon to protect his land from the superabundant water in times of flood; but, in doing so, he must so place the embankment that the natural and probable consequences of the embankment in times of ordinary floods will not be to cause the overflow to erode, destroy, or injure the lands of other proprietors upon the water course."

In *Gulf, C. & S. F. R. Co. v. Richardson,* 42 Okla. 457, 141 Pac. 1107, it is held:

"The common law governing the diversion of surface water as adopted and applied in this state has been modified and restricted to this extent, namely, that each proprietor may divert the same, cast it back, or pass it along to the next proprietor, provided he can do so without injury to such adjoining proprietor. Under this rule * * * no one is permitted to sacrifice his neighbor's property in order to protect his own." See also, *Inc. Town of Idabel v. Harrison,* 42 Okla. 469, 141 Pac. 1110; *St. L. & S. F. R. Co. v. Ramsey,* 37 Okla. 448, 132 Pac. 478; *Davis v. Fry,* 14 Okla. 340, 78 Pac. 180, 69 L. R. A. 460, 2 Ann. Cas. 193.

In *Quinn v. C., R. I. & P. R. Co.,* 23 S. D. 126, 120 N. W. 884, 22 L. R. A. (N. S.) 789, it is held that a railroad company cannot, in the construction of its road, negligently obstruct a ravine through which surface water is

accustomed to flow, and cast such water back on the land of an upper proprietor.

In *Wharton v. Stevens,* 84 Iowa, 107, 50 N. W. 562, 15 L. R. A. 630, 35 Am. St. Rep. 296, it is held:

"There is apparently a conflict of authorities on this point which is not real, resulting from the undefined use of the words 'surface water.' When such water flows by a well-defined and natural course upon lower lands, that flow cannot be interfered with either by the upper or lower proprietor. But when such water has no defined course, but spreads out over the land without a well-defined course, it may be turned by the landowner in any direction. But, where surface water has a fixed and certain course, as a swale, though it may be narrow or broad, its flow cannot be interrupted to the injury of an adjoining proprietor."

In *Pinkstaff v. Steffy,* 216 Ill. 406, 75 N. E. 163, it is held:

"The interest of good husbandry does not justify the construction of a levee by the owner of the servient estate along the bank of a creek to protect his land from overflow in times of flood, where the effect thereof is to interfere with the natural flow of the water to the injury of the owner of the dominant estate."

We think the cases cited above are decisive of the case at bar.

The defendant in error has cited the case of *Taylor v. Fickas,* 64 Ind. 167, 31 Am. Rep. 114, but the facts in that case are different from those now under consideration. In that case the damage complained of was that the defendant had planted a row of trees along the boundary line between his land and that of the plaintiff, which obstructed the passage of driftwood in case of a flood, but in distin-

guishing that case from those of the character now under consideration the court says:

"The true doctrine in such a case, we believe, was expressed by the chancellor in the case of *Earl v. De Hart,* 1 N. J. Eq. 280 [72 Am. Dec. 395]: 'If the face of the country is such as necessarily collects in one body so large a quantity of water, after heavy rains and the melting of large bodies of snow, as to require an outlet to some common reservoir, and if such water is regularly discharged through a well-defined channel, which the force of the water has made for itself, and which is the accustomed channel through which it flows, and has flowed from time immemorial, such channel is an ancient natural water course.'"

In our opinion, the evidence of the plaintiff, and the conclusions which may be reasonably drawn from it, brings this case within the authorities above cited, and there was error in sustaining the demurrer to the evidence.

If the inference to be drawn from the evidence is a reasonable one, although not a necessary one, the court will not invade the province of the jury by taking from it the right to pass on the fact to be deduced from such inference. *Waters-Pierce Oil Co. v. Deselms,* 18 Okla. 107, 89 Pac. 212.

We therefore recommend that the judgment be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.