## McLEOD et al. v. SPENCER.

No. 7511—Opinion Filed July 25, 1916.

(159 Pac. 326.)

**1. Waters and Water Courses—Surface Waters—Right of Adjoining Proprietors.**

Where surface water has been accustomed to gather and flow along a well-defined channel, it may not be obstructed to the injury of the dominant estate. Miller v. Marriott, 48 Okla. 179, 149 Pac. 1164.

**2. Same—Flowage—Injunction.**

Regardless of his ability to respond in damage, the owner of the servient estate may be enjoined in equity from constructing or maintaining an obstruction in a water course preventing the flow of ordinary flood waters from naturally following the course of the stream and thus causing same to unnaturally overflow and injure the dominant estate, since a single action at law ordinarily furnishes no adequate remedy for recurring injuries consequent upon successive overflows.

(Syllabus by Bleakmore, C.)

Error from District Court, Cotton County; Cham Jones, Judge.

Action by Earl B. Spencer against N. I. McLeod and another. Judgment for plaintiff. and defendants bring error. Affirmed.

Elliot F. Hook and W. C. Stevens, for plaintiffs in error.

J. A. Diffendaffer and Chas. Mitschrich, for defendant in error.

Opinion by BLEAKMORE, C. On August 20, 1915, at the suit of Earl B. Spencer, plaintiff below, N. I. McLeod and B. S. Coleman were permanently enjoined by judgment of the trial court from constructing, repairing, or maintaining any obstruction in a certain water course, interrupting the natural flow of ordinary flood waters through the same or diverting them therefrom so as to cause an overflow and consequent damage to plaintiff's land, from which judgment defendants have appealed.

The evidence disclosed that in 1901 plaintiff and defendant McLeod, as homestead entrymen, acquired adjoining quarter sections, at which time a natural water course, the source of which was some two miles distant, meandered through the lands of plaintiff, and thence across a portion of those of defendant. In December of that year McLeod filled the channel of such stream where it crossed the section line between the two quarters, and from a ditch which he dug, intended to divert the natural flow of the waters thereof from their regular course, erected an embankment preventing such waters from reaching his premises, and forcing them back upon those of plaintiff. Such conduct was the basis of an action for damages between these parties, wherein, after successive trials, Spencer recovered for injuries thus occasioned. In 1909 McLeod conveyed title to his lands to his codefendant, Coleman, but continued to occupy the same. In April, 1912, McLeod and Coleman, having obtained permission of the township trustees to make repairs of the highway on the section line between the two tracts for the ostensible purpose of improving the same for the benefit of public travel, were proceeding to grade said highway, without culverts or bridges, in such manner as to obstruct said water course and divert the waters which might reasonably be anticipated to flow through the same in ordinary flood time, and cause such waters to overflow the lands of plaintiff to his damage. At this juncture defendants were temporarily enjoined: the order subsequently being made permanent.

Defendants contend that the finding and judgment of the trial court is not sustained by the evidence. After a careful examination of the record we are of the opinion that the evidence strongly supports the judgment. There was no prejudicial error in the admission or rejection of evidence.

Defendants further contend that whatever injury accrued, or might reasonably be anticipated by reason of such grading of the highway, would result from the overflow of surface waters, and is injury without wrong, for which no recovery could be had, and to prevent which equity affords no remedy by injunction.

Such doctrine does not prevail in this jurisdiction. With regard to the respective rights of proprietors of lands situate upon a water course to interfere with ordinary high water naturally following the course of the stream, the rule in this jurisdiction was announced in Town of Jefferson v. Hicks, 23 Okla. 684, 102 Pac. 79, 24 L. R. A. (N. S.) 214, where it is held:

"The owner of lands situated upon a water course may construct an embankment thereon to protect his land from the superabundant water in times of flood; but, in doing so, he must so place the embankment that the natural and probable consequences of the embankment in times of ordinary floods will not be to cause the overflow to erode, destroy, or injure the lands of other proprietors upon the water course. An 'ordinary flood' is one which, by the exercise of ordinary care and diligence in investigating the character and habits of the water course, might have been anticipated. Overflow waters that continue in a general course, although without defined banks, back into the water course from which they started, or into another water course, do not become 'surface waters,' but remain a part of the water course. An injunction will lie in equity to restrain the landowners on one side of a stream from maintaining a levee upon the bank thereof whereby the flood waters of the stream are made to overflow unnaturally the land of others on the opposite side of the stream, without regard to the ability of the landowners who constructed the embankment to respond in damages, since a single action at law would not furnish an adequate remedy to the landowners whose lands are subject to recurring injuries from the recurring diversion of the overflow waters caused by the embankment."

In Miller v. Marriott, 48 Okla. 179, 149 Pac. 1164, it is held:

"Where surface water has been accustomed to gather and flow along a well-defined channel, it may not be obstructed to the injury of the dominant estate; so where, in case of high water, the surplus water from a creek regularly discharges itself through a well-defined channel, which is the accustomed way, through which it flows, such channel constitutes a 'water course.'"

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.