## TAYLOR v. SHRIVER et al.

No. 9755—Opinion Filed May 17, 1921.

(Syllabus.)

**1. Waters and Water Courses—Surface Waters — Right of Landowner to Obstruct or Divert.**

At common law surface water was regarded as a common enemy against which each proprietor might protect himself. He might send it back or pass it on to the next adjoining proprietor without liability.

**2. Same.**

The common law covering the diversion of surface water, as adopted and applied in this state, has been modified and restricted to this extent, namely, that each proprietor may divert the same, cast it back, or pass it along to the next proprietor, provided he can do so without injury to such adjoining proprietor. Under this rule of law no one is permitted to sacrifice his neighbor's property in order to protect his own.

**3. Same — Action to Abate Private Nuisance—Judgment—Reversal.**

The judgment of the trial court is reversed, and cause remanded, with directions to the trial court to proceed in accordance with this opinion.

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by Clay Shriver and J. D. Bush against Oswald B. Taylor to abate a private nuisance. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

William S. Cline, for plaintiff in error.

K. M. Geddes, B. R. Leydeg, and G. A. Chappell, for defendants in error.

JOHNSON, J. This is an appeal from the district court of Kay county; Hon. W. M. Bowles, Judge.

Clay Shriver and J. D. Bush, as plaintiffs, commenced this action in the district court against Oswald B. Taylor, defendant, to abate a private nuisance. For convenience, the parties will be referred to as plaintiffs and defendant, as they respectively appeared in the trial court.

The record discloses that the plaintiffs owned the N. W. ¼ and the defendant owned the N. E. ¼ of sec. 5, twp. 25 N., R. 2 W., in Kay county, and the said land was situated in drainage district No. 1 of Carlyle township in said county, and that said land and other lands in said district are low and level and form somewhat of a basin where water collects, and the said district constructed a large ditch, which crosses the south part of plaintiffs' land, and said ditch enters into Salt Creek about three-quarters of a mile to the south of defendant's land; for the construction of said ditch, the defendant's land was assessed and taxed in the sum of $1,760. The defendant, to protect his land from the overflow of the surface water from the plaintiffs' land and other lands in the north of the defendant, and for the purpose of draining his own land, constructed a ditch from his northwest to his southwest corner, from about two and one-half to three feet wide, and the dirt taken from the ditch was thrown on the defendant's land on the west side of the ditch, making an embankment from six inches to one and a half feet high and said ditch constructed by the defendant on his land emptied into and drained the water off of his land into a large ditch constructed by said drainage district, but does not cross or touch any part of the land of the plaintiffs.

The plaintiffs prayed for an order of the court compelling and requiring the defendant to remove the said embankment that he had constructed along the highway which runs east and west to the north side of the plaintiffs' and defendant's land, which embankment is immediately north of the plaintiffs' northeast corner, as well as the first mentioned embankment along the west side of the defendant's land, and that the defendant be permanently enjoined from maintaining such embankments, which embankments prevented the surface water from flowing in its natural manner and course, and for such other and further relief as equity and good conscience might dictate.

The case was tried to the court, and resulted in a judgment in favor of the plaintiffs, to reverse which this proceeding in error was commenced.

The plaintiff John D. Bush having died pending this appeal, pursuant to a stipulation of the parties, the cause has been revived in the name of Fannie E. Bush, executrix, and John F. Bush, grantee of the said John D. Bush.

At the conclusion of the trial, upon request of the defendant, the court made the following separate findings of fact and conclusions of law:

(1.) "The court finds as a fact that the plaintiffs in this case are the owners of the land described in their petition, and that the defendant is the owner of the land described in his answer.

(2.) "That at the time complained of in the plaintiffs' petition, the defendant constructed a ditch or opened up a ditch on the line between his land and the plaintiffs' land in this case, running from the north side to the south side of the defendant's land along the west line of the defendant's farm.

(3.) "That the ditch is from two and one-half to three feet wide; that the dirt taken from the ditch was thrown to the west side of this ditch; that the embankment so constructed along the west side of said ditch was from six inches to one and one-half feet high.

(4.) "The court further finds that the surface water running over and across the land of the plaintiffs in this case comes from the north and northwest and runs across the land of the defendant in this case; that the same obstructs the natural flow of the surface water across the land of the defendant and holds it back upon the land of the plaintiffs, forming ponds and swales which destroy the crops on the plaintiffs' land to their irreparable damage.

"The court renders judgment in favor of the plaintiffs and against the defendant. and the defendant is enjoined and restrained from maintaining the dam, and he is ordered, within thirty days, to remove the dam sufficiently to permit the surface water, running across plaintiffs' land, that naturally heretofore runs from plaintiffs' land across the defendant's land to continue to do so."

From an examination of the record, we find that the testimony sustained these findings of fact. Concerning these findings, counsel for plaintiff in error say in their brief:

"The evidence in this case is undisputed and the 'findings of fact' in substantial accord with the evidence and we do not therefore deem it necessary to incumber this brief with the quotation of any of the evidence. The question involved in this case is a legal proposition as to the right of the defendant to dam his own land against the surface water of the plaintiff, whereby the surface water is prevented from flowing on the defendant's land from the land of the plaintiffs."

The plaintiff in error's contention is that the judgment of the court is erroneous in that the court failed to render judgment upon the facts found by the court in favor of the defendant. It is conceded by counsel for both parties that the rule of law governing superior and servient landowners in obstructing and diverting the flow of surface water into and upon their respective premises, is the law of this case, and the rule was correctly announced by this court in the cases of Chicago, R. I. & P. Ry. Co. v. Groves, 20 Okla. 101, 93 Pac. 755, 22 L. R. A. (N. S.) 802; G., C. & S. F. Ry. Co. v. Richardson, 42 Okla. 457, 141 Pac. 1107; Miller v. Marriott, 48 Okla. 179, 149 Pac. 1164; McLeod v. Spencer, 60 Okla. 89, 59 Pac. 326; and Town of Jefferson v. Hicks, 23 Okla. 684, 102 Pac. 79, L. R. A. (N. S.) 214.

We think the rule announced by this court in the cases of G., C. & S. F. Ry. Co. v. Richardson, and McLeod v. Spencer, supra, is particularly applicable to the case at bar, and the court announced the rule in syllabus paragraphs 2 and 3, of the Richardson case, which read as follows:

"2. At common law surface water was regarded as a common enemy against which each proprietor might protect himself. He might send it back or pass it on to the next adjoining proprietor without liability.

"3. The common law governing the diversion of surface water as adopted and applied in this state has been modified and restricted to this extent, namely, that each proprietor may divert the same, cast it back, or pass it along to the next proprietor, provided he can do so without injury to such adjoining proprietor. Under this rule of law, no one is permitted to sacrifice his neighbor's property in order to protect his own."

We think it is clear from the evidence in this case and the facts found by the trial court that the defendant, in cutting the ditch and erecting the embankment complained of upon his premises, did not infringe upon the rule of law announced in the cases supra, but, upon the other hand, was in the proper exercise of his rights under the rule, and in thus using his premises violated no law or rule of equity, but did that which a prudent and provident owner should have done to protect his property. and if the plaintiffs had so acted in the preservation of their own property, they would have constructed a similar ditch and embankment upon their own property. draining the same where needed, and discharging the water into the drainage ditch and upon their own property, which from this record could have easily been accomplished at an outlay

perhaps not exceeding one-half of the amount they have expended in the prosecution of this action against their neighbor.

We are clearly of the opinion that the conclusions of law of the trial court were erroneous under the evidence and his findings of fact in this case, and that in equity and good conscience the judgment of the trial court should be reversed and judgment should be rendered dismissing the plaintiffs' suit at their cost, and that they take nothing.

The cause is remanded, with directions to the trial court to proceed in accordance with the views herein expressed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.