## CITY OF KAW CITY v. WOODEN.

No. 17656.   Opinion Filed March 6, 1928.

Rehearing Denied April 10, 1928.

(Syllabus.)

1. **Municipal Corporations—Action Against Municipality for Tort—Effect of Failure to Present Claim to Municipal Officers—Statutes.**

"The fact that a claim for unliquidated damages arising out of a tort is not made out, itemized, verified, and filed for allowance or rejection with the proper municipal officers does not prevent a suit being maintained thereon; in such case the plaintiff is penalized to the extent that he cannot recover costs." Town of Sallisaw v. Ritter, 42 Okla. 626, 142 Pac. 391. And sections 1 and 2, ch. 186, S. L. 1913, being sections 8595 and 8596, C. O. S. 1921, do not have the effect to repeal section 4578, C. O. S. 1921, relating exclusively to cities, and the construction given to it in the foregoing case remains the settled law of this state. Following City of Pawhuska v. Pawhuska Oil & Gas Co., 118 Okla. 201, 248 Pac. 336.

2. **Same—Defense that Plaintiff Was Violating Ordinance—Evidence Required for Submission of Issue.**

Where a city, in a suit for damages, relies as a defense upon the proposition that the plaintiff was violating an ordinance of said city at the time the injury complained of occurred, it is necessary that there be some evidence tending to show that the plaintiff was violating the ordinance before the defendant can claim the right to have this issue presented to the jury in the court's charge.

3. **Appeal and Error—Review — Verdict Against City for Personal Injuries from Defective Sidewalk Supported by Evidence of Negligence not Disturbed.**

In an action brought by a party to recover damages for personal injuries alleged to have resulted from the condition of a curb and sidewalk in a city, and no claim being made by the city that it did not have knowledge of this condition for sufficient length of time to correct it, where the plaintiff has judgment in the trial court before a jury, and there is evidence reasonably tending to support the allegation of defendant's negligence, and this issue, together with that of contributory negligence of the plaintiff claimed by the defendant, having all been submitted to the jury by proper instructions, no error appearing otherwise, the cause should be affirmed.

Commissioners' Opinion, Division No. 1.

Error from District Court, Kay County; Claude Duval, Judge.

Action by Agnes Wooden against the City of Kaw City. Judgment for plaintiff, and defendant appeals. Affirmed.

W. S. Cline and W. H. Cline, for plaintiff in error.

T. J. Sargent and I. D. Ross, for defendant in error.

REID, C. This is a suit brought by Agnes Wooden, hereinafter called plaintiff, against the city of Kaw City, hereinafter called defendant, and the National Bank of Kaw City for damages for an injury which she alleges she received by negligence of the defendant in the construction and maintenance of defective sidewalk and curb along the south side of the bank's building, and on the north side of Fifth avenue in said city. A demurrer was sustained by the trial court as to the defendant National Bank of Kaw City, and it was no longer a party to the action. The plaintiff got a judgment against the remaining defendant, Kaw City, from which appeals to this court.

The defendant in a proper manner attacks the verdict and judgment for the reason that the evidence failed to show that the plaintiff before beginning this suit filed with the defendant, city of Kaw City, a statement of her claim, properly verified.

It will be seen that this is an action to charge the defendant for unliquidated damages. Beginning with Town of Idabel v. Harrison, 42 Okla. 469, 141 Pac. 1110, construing what is now section 4578, C. O. S. 1921, this court has consistently held that it was not necessary in such cases as this, in order to maintain an action, that the claim be presented to the city for consideration, but that the only question affected thereby was one of costs. That is, that the cause of action could be maintained without presenting the claim, but that, in such case, the plaintiff could not recover costs, though successful in the action. This doctrine was expressly reaffirmed in the cases of Town of Sallisaw v. Ritter, 42 Okla. 626, 142 Pac. 391. and City of Collinsville v. Brickley, 13 Okla. 264, 242 Pac. 249.

However, the defendant says that sections 8595 and 8596, C. O. S. 1921, from chapter 186, S. L. 1913, changed the procedure, and that thereafter no suit could be maintained against a city without first presenting the claim to the governing body of the city for payment.

In the case of City of Pawhuska v. Pawhuska Oil & Gas Co., 118 Okla. 201, 248 Pac. 336, it was held that the foregoing legislative act did not have the effect to repeal section 4578, C. O. S. 1921, or change the pr

cedure as to the question here presented, and confirmed the previous holdings of this court thereon. The reasons for this conclusion are so well stated in that opinion that we deem it unnecessary to further discuss the question.

At the instance of the defendant, and over the objection of the plaintiff, the court admitted in evidence what purported to be sections 10 and 12 of a city ordinance of the defendant, as follows:

"Section 10. Congested District Defined. The term 'congested district', as used in this ordinance, shall include the following portions of the following alleys and streets, to wit, Main street from the A., T. & S. Ry. to Seventh street and First, Second, Third, Fourth, Fifth, Sixth and Seventh streets one block each way from Main street."

"Section 12. 'Jay' Walking Forbidden. Pedestrians crossing any street at the intersection thereof with another street within the congested district shall pass over such portion of the streets as is included within the projected lines of the sidewalk."

And, as covering the situation claimed by the defendant to be presented by this ordinance, the defendant requested the court to instruct the jury, in substance, that if the plaintiff was crossing the street in violation of said ordinance, she, in effect, was guilty of negligence per se, and could not recover. If the ordinance had forbidden "jay walking" within the congested district, and had not gone further and defined the meaning of this expression, then the evidence might have called for this charge, but the ordinance expressly defined "jay walking" by saying that it is "crossing any street at the intersection thereof with another street within the congested district," in a manner prohibited by the ordinance. The ordinance does not say that pedestrians shall not cross these streets except by passing over such portions of them as are included within the projected lines of the sidewalks, but says that the pedestrians shall cross that way when crossing at the intersections of streets within the congested district. As more fully appears from the evidence hereinafter set out, the plaintiff was not injured crossing at an intersection, but about 70 feet from the intersection. Therefore, the evidence did not call for any charge by the trial court giving to the jury the effect of this ordinance on plaintiff's right of recovery.

The defendant next assails the verdict in his case as not being sustained by the evidence, and in order to determine this question, let us see whether there is any evidence reasonably tending to support the verdict.

A certain portion of the defendant's answer is explanatory of the circumstances creating the condition of the sidewalk and curb where plaintiff was injured, and we quote that part of the answer, as follows:

"The defendant further admits that in the year 1922, said Fifth avenue was paved, guttered and curbed by said defendants city pursuant to grade established by the city engineer, and in locating the curb line of said street a space approximately four feet wide was left between it and the sidewalk as it then existed along the south side of lot number 12. Said curb upon the north side of the pavement of said street is approximately 12 inches high and is approximately six inches across the top of the face. That soon after the construction of said pavement, gutter and curb, as aforesaid, by the said defendant city, the National Bank of Kaw City, by and through its several servants and employees, widened the sidewalk along the south side of said property by filling in the above described space of about four feet between it and the said sidewalk as it existed at the time of the paving. This space of about four feet the said National Bank of Kaw City as aforesaid surfaced with concrete to the back space of the curb above described. That in constructing said sidewalk the said bank did not build the same flush with the top of said curb, but constructed same so that the sidewalk was and is approximately three inches lower than the top surface of said curb, thus leaving the said curb projecting above the sidewalk approximately three inches."

No claim being made by the defendant that the condition of the sidewalk and curb was unknown to it, therefore the only issues are whether the city was negligent in permitting this condition to continue, and if so, was this the proximate cause of plaintiff's injury, and if it was, was she guilty of contributory negligence? Measured by these rules, let us see where there is any evidence reasonably tending to support the verdict.

Fifth avenue runs east and west, and Main street north and south through said city. The building of the National Bank of Kaw City is situated facing east at the northwest intersection of said streets, and at a point about 70 feet west of the intersection of these streets, and on the sidewalk and curb extending along the south side of the building is where the accident occurred.

On the immediate facts as to how the injury occurred, we have only the testimony of the plaintiff. She testified that the First National Bank of said city stood at the southwest intersection of these streets, facing east, and being across Fifth avenue south of the National Bank of Kaw City; that at about

9:00 o'clock p. m., with her two months' old baby in her arms, from the sidewalk in front of the National Bank she started north across Fifth avenue, but seeing a truck directly in front of her, turned to her left, going back of the truck, her destination being a picture show conducted in a building facing south and across the alley back of the National Bank of Kaw City. After she turned back of the truck, she turned to the northwest and reached the sidewalk south of the National Bank of Kaw City, at a point about 70 feet west of the intersection of Fifth avenue and Main street; that reaching the curb, with one foot she stepped upon it and with the other attempted to step upon the sidewalk, expecting it to be even with the curb, but that the drop in the sidewalk, unseen by her, caused her to lose her balance and fall, breaking both bones in her left ankle. And an engineer testified, among other things, that a sidewalk and curb built as had been done in this case was "mostly carelessness."

The facts in the case of City of Duncan v. Brown, 69 Okla. 246, 172 Pac. 79, are similar in many particulars to those in this case, and the doctrine there announced has application here.

Under the testimony in the record, we are unable to say that there is no evidence reasonably tending to support the verdict of the jury, and the trial court having properly submitted each of the issues raised by the evidence in its charge, and no error otherwise appearing, the judgment of the trial court should be affirmed.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 43 C. J. p. 1185, §1956; p. 1323, §2077. (2) 43 C. J. p. 1278, §2042. (3) 4 C. J. p. 853, §2834.