## McKEE v. PRODUCERS' & REFINERS' CORPORATION.

### No. 308.

Circuit Court of Appeals, Tenth Circuit.

Jan. 7, 1931.

swered with a general and specific denials, and pleaded further that it acquired the refinery from another company and did not build the alleged obstruction, that prior thereto a public road was established separating the lands, and the appellant granted a right of way to the St. Louis & San Francisco Railway Company on which that company constructed its railroad with an elevated grade, closed a ditch, and installed a sewer, thereby controlling the surface water.

 The cause was tried to a jury, and resulted in a verdict and judgment for the appellee. The appeal is based on alleged erroneous and inconsistent instructions to the jury.

The jury was instructed that, if the defendant so obstructed the natural flow of the water from the plaintiff's land as to cause it to pond on plaintiff's land, he was entitled to damages for the ensuing injury; and that by the law in Oklahoma a proprietor of land may improve his premises and protect the same from surface water, and no cause of action arises to an adjacent owner from throwing it back upon adjacent property, unless the causal improvements are negligently constructed, or unless the surface water is collected and discharged thereon; and, further: "The case, gentlemen, stands mainly upon the proposition of whether or not the defendant has in a careless and negligent manner operated its own property so as to interfere with the natural flow of the water from the plaintiff's land. The law is that a person must endeavor to use his property so as not to injure his neighbor. He must exercise ordinary care. It would be in violation of the rights of the plaintiff for the defendant to collect the water from its property and turn it onto the lands of the plaintiff, that is, in a way to produce injury to him. Such conduct would constitute negligence."

The specific exception saved and urged in this court was to the language used in the first three sentences of the foregoing quotation, which imposed on the plaintiff the duty of proving negligence in causing the water to pond on his land. And this is said to be erroneous and inconsistent with the prior instruction, which omitted that element of negligence as a requirement of proof. These portions of the charge are in conflict.

We readily agree that, where it is uncertain which of two inconsistent instructions is followed by a jury, when one of them is correct and the other erroneous, a new trial should be granted. But, if there was not error in the instruction complained of which

Yancy, Spillers & Fist, of Oklahoma City, Okl., for appellant.

W. H. McBrayer, of Independence, Kan., and Preston C. West, of Tulsa, Okl. (P. C. Spencer, of Independence, Kan., and West, Gibson, Sherman, Davidson & Hull, of Tulsa, Okl., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

This action was brought by the appellant to recover damages for injury from surface waters to his land, comprising 10.66 acres, in Tulsa county, Okl. He complained in his petition that appellee, in constructing a refinery on adjacent premises, built a dam or dump in such manner as to divert the surface water from its normal course to and upon the land of appellant and further to form a pond upon appellant's land. The appellee an-

may have been followed by the jury, then it is immaterial that it was inconsistent with the other instruction.

There were two grounds of suit; one for obstructing the water so that it formed a pond on plaintiff's land, and the other for diverting the flow of the water so as to discharge it on his land. In considering them, we are bound as to the test of liability by the law of the state. Walker v. New Mexico & S. P. R. Co., 165 U. S. 593, 17 S. Ct. 421, 41 L. Ed. 837. The instructions were clear that without respect to negligence it was a violation of appellant's rights for the defendant to collect the water and turn it upon the plaintiff's land. Thus far there was no exception. That rule is concededly in accord with the decisions of the Oklahoma Supreme Court. Chicago, R. I. & P. Co. v. Groves, 20 Okl. 101, 93 P. 755, 759, 22 L. R. A. (N. S.) 802. And the instruction which was excepted to on the other ground for recovery, that the appellee must have been negligent in obstructing the water so as to cause it to accumulate on appellant's land, was also consonant with those decisions.

In the Groves Case, supra, Chief Justice Williams dealt with the question, and in that connection said: "If for any purpose of improving and cultivating his land the landowner raises or fills it so that the water which falls in rain or snow upon an adjacent owner's land, and which formerly flowed upon the first-mentioned parcel, is prevented from so doing to the injury of the adjacent parcel, the owner of the latter is without remedy. * * * However, the improvement may not be made carelessly, but must be done with a just regard to the rights of others."

In Taylor v. Shriver, 82 Okl. 11, 198 P. 329, 331, the Groves Case and others were cited as authority. The controversy was whether the defendant should be enjoined from maintaining an embankment along the division line between his land and that of the plaintiff. The trial court found that the obstruction held back the surface water so that it formed ponds and swales on plaintiff's land, and, without making any reference to negligence, held it should be abated. The Supreme Court reversed the decree and ruled: "* * * The defendant, in cutting the ditch and erecting the embankment * * * did not infringe upon the rule of law announced in the cases supra, but, upon the other hand, was in the proper exercise of his rights * * * and in thus using his premises violated no law or rule of equity, but did that which a prudent and provident

owner should have done to protect his property. * * * *"

There was no prejudicial error in the charge to the jury in this case, and appellant has no just ground to complain of it.

The judgment should be, and it is accordingly, affirmed.