HASKINS et al. v. FELDER.

No. 34941.

Supreme Court of Oklahoma.

March 30, 1954.

Rehearing Denied May 25, 1954.

Murphy & Firestone, Kingfisher, for plaintiffs in error.

Falkenstine & Fisher, Watonga, for defendant in error.

## PER CURIAM.

The parties will be referred to as they appeared in the trial court.

The plaintiff, Ann C. Felder, brought this action for a mandatory injunction to compel the defendants, Elsie Haskins and her tenant, Edward E. Lee, to remove an obstruction blocking the drainage of surface waters across the Haskins' land. The action was tried to the Court without a jury, and the injunction was granted. The defendants have appealed.

The plaintiff and the defendant Haskins owned adjoining farms. The plaintiff's farm is the SE/4 of Section 27, and the Haskins' farm is the SW/4 SW/4 of Section 26. The farms are separated by the county road running north and south, the plaintiff's farm being located west of the road and the Haskins' farm east of the road. A county road running east and west bounds both farms on the south.

The plaintiff alleged in her petition that, without regard to plaintiff's rights, the defendants had constructed and maintained a dyke or embankment along the west boundary of the Haskins' farm, which obstructed the natural flow of surface waters in times of heavy rainfall and caused the waters to stand upon plaintiff's farm, irreparably damaging plaintiff's land and crops. The defendants denied in their answer that there had ever been natural drainage of surface waters across the Haskins' farm and denied that there was any such dyke or embankment.

The trial court found the facts in favor of the plaintiff. The trial court found that in times of heavy rainfall a portion of the surface waters which collected on plaintiff's farm drained naturally east onto the Haskins' farm, and thence northeast into a small, but well defined, depression on the northeast portion of the Haskins' farm, which carried the water to an outlet to the north. The court found that this was the only outlet for such waters. The court also found that the defendants had constructed and maintained a well defined elevation of dirt in the fence row approximately one foot high along the west fence line of the Haskins' farm, which obstructed the flow of the waters and caused them to stand upon the plaintiff's farm, irreparably damaging her land and crops.

The evidence in the case shows that the lands are nearly level but that the north portion of the plaintiff's farm naturally drains to the southeast to a low point at approximately the northwest corner of the Haskins' farm. A culvert was formerly maintained at that point which carried the surface waters across the road where they flowed onto the Haskins' farm, and thence east and northeast to the outlet. On the point where they flowed onto the Haskins' farm the waters were diffused and had not cut a well defined or easily visible channel.

There is evidence in the case that by reason of the road having been raised, the surface waters are now detoured on a

roundabout course from the low point on the plaintiff's farm south along the west side of the road to the intersection of the county roads at the southeast corner of the plaintiff's farm, thence through a culvert to the east side of the road, and thence north to the low point near the northwest corner of the Haskins' farm. However, the water ends up at the same point on the west boundary line of the Haskins' farm near the northwest corner as it did prior to raising the level of the road.

The defendants contended that the plaintiff had constructed ditches to drain off low places on her land. There is evidence in the case to that effect, but the evidence does not show that such either increased the volume of the water flowing upon the Haskins' land or caused water to go on the Haskins' land that would not otherwise have gone there.

The evidence shows that the embankment constructed on the Haskins' farm caused water to stand upon the plaintiff's farm for lengths of time extending from two to ten days, and to drown out ten to fifteen acres of plaintiff's crops.

The evidence shows that the plaintiff's father had expended, upon her behalf, substantial sums and considerable effort in an attempt to move the water through the bar ditches running south along the road. As a result some water did move in that direction, but due to the topography of the land it was not possible to move all of the water in that direction.

The defendants' position in the case was that there was no natural drainage of surface water across the Haskins' farm and that there was no dyke or embankment upon the farm blocking the flow of surface water, and they introduced no evidence to justify the construction and maintenance of the embankment.

■ The evidence in the case was voluminous, and frequently conflicting. The trial court gave a complete hearing to both sides, and also twice viewed the premises. The findings of the trial court are amply supported by the record, and are not against the clear weight of the evidence.

■ The rule of law applicable in this case, involving obstruction of diffused surface waters, is stated in the recent case of King v. Cade, 205 Okl. 666, 240 P.2d 88, 90, as follows:

"The reciprocal rights and duties of upper and lower landowners in connection with the disposition of surface waters are well established by the jurisprudence of this state. For a long period of time this court has given its approval to the 'common enemy' doctrine as modified by the rule of reason. Town of Jefferson v. Hicks, 23 Okl. 684, 102 P. 79, 24 L.R.A., N.S., 214; Chicago, R. I. & P. R. Co. v. Groves, 20 Okl. 101, 93 P. 755, 22 L.R.A.,N.S., 802. A succinct statement of our law is found in Gulf, C. & S. F. R. Co. v. Richardson, 42 Okl. 457, 141 P. 1107, which reads in part as follows: 'The common law governing the diversion of surface water as adopted and applied in this state has been modified and restricted to this extent, namely, that each proprietor may divert the same, cast it back or pass it along to the next proprietor, provided he can do so without injury to such adjoining proprietor. Under this rule of law no one is permitted to sacrifice his neighbor's property in order to protect his own.' "

The "rule of reason" principle, that any casting back of diffused surface waters must be done reasonably and with due regard for the rights of others, has been recognized by this Court since the leading case of Chicago, R. I. & P. R. Co. v. Groves, 20 Okl. 101, 93 P. 755, 759, 22 L.R.A., N.S., 802, in which this Court, in adopting the modified common law rule, said:

"Practically all of the common-law courts agree that the surface water, flowing naturally or falling upon the soil, may be diverted in its course, and even thrown back upon the dominant estate whence it came. But is this right absolute at the will of the lower proprietor, or must such exercise be reasonable, for proper purposes, and with due care to inflict injury only when it is

necessary? The question of good faith and the manner of doing it are necessarily involved in determining whether or not such right may be exercised. When necessary, and with due care and regard as to the rights of others, although injury may accompany its exercise, under the common law there is no relief."

Such principle was applied by this Court in Taylor v. Shriver, 82 Okl. 11, 198 P. 329, in which the defendant was not required to remove an embankment obstructing the flow of surface waters, the evidence showing that the defendant had acted prudently in constructing a ditch and the embankment to preserve his own property, and that the plaintiffs could easily protect their own property from surface waters by erecting a similar ditch and embankment at small cost.

The principle was also followed by this Court in Hatmaker v. Gripe, 184 Okl. 26, 84 P.2d 418, in which the defendants were held liable for diverting, by means of a wall, the natural flow of surface waters across their lands, thereby damaging plaintiffs' adjoining lands.

It was also applied by this Court in the case of Kollman v. Pfenning, 196 Okl. 186, 163 P.2d 534, in which the defendant was not required to remove a dam and ditch upon his lands which obstructed the flow of surface waters over his lands although such had resulted in some damage to plaintiff's adjoining lands. The defendant had constructed the dam and ditch upon advice of an engineer that such would in no manner injure the plaintiff. Removal of the dam and ditch would have entailed considerable expense, and would have resulted in the destruction of most of the defendant's cultivated land. The damage to plaintiff's lands could be prevented by a comparatively small expenditure, and defendant had offered to pay for all damages suffered by plaintiff and all expenses of preventing further damage.

Under the evidence in this case, by blocking the flow of surface waters the defendants were sacrificing the plaintiff's property in order to protect their own. Plaintiff had no other practicable or economical way of drainage. The maintenance of the obstruction was materially injurious to plaintiff's crops and farm. An effort had been made on behalf of the plaintiff to dispose of the surface waters by draining them to the south, without success, and there was no other outlet for the surface waters which were impounded by the defendants' embankment except on the Haskins' land. There is no evidence to show that the embankment was necessary to the defendants, or that the flow of surface waters across their lands was an unreasonable burden.

■ Under the evidence in this case the trial court was justified in concluding that the embankment was injurious and unreasonable, and without due regard to the rights of the plaintiff. The judgment of the trial court in issuing the mandatory injunction was not, therefore, erroneous.

On the basis of the authorities stated above, it is the opinion of the Court that the facts, as alleged in the plaintiff's petition, stated a cause of action against the defendants and that defendants' demurrer was properly overruled.

■ We find no error in the trial court's sustaining plaintiff's objection to the defendants' question of plaintiff's father as to the price paid by the plaintiff for her farm. No offer was made of what would be shown by the testimony, and we cannot see that it is material. See Oklahoma Tax Commission v. Price, 197 Okl. 1, 167 P.2d 873.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J. and CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

This court acknowledges the services of Attorneys Robert J. Stanton, Charles P. Gotwals, Jr., and Jewell Russell Mann, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association approved by the Judicial Council, and appointed by the Court.